## 21592. PRYSOCK *v*. THE STATE.

DECIDED NOVEMBER 10, 1931.

*A. S. Bradley, A. S. Bradley Jr.,* for plaintiff in error.
*M. L. Gross, solicitor-general, I. W. Rountree,* contra.

LUKE, J. The special presentment in this case charges Talmadge Prysock, Jack Prysock, Magnus Prysock, and Bill Crawford with murdering Frank Lamb on November 18, 1929, in Emanuel County, "by striking the said Lamb with a certain piece of iron. . ." Having been tried separately and convicted of voluntary manslaughter, Talmadge Prysock made a motion for a new trial containing the usual general grounds and one special ground based upon the averment that Walter Hayes, a member of the jury which tried and convicted him, "was related to Ottie Lewis, one of the prosecutors in this case, by affinity, within the ninth degree."

We will state at the outset that the "Jack Prysock" mentioned in the indictment is the "Jake Prysock" afterwards referred to in the record. Jake Prysock, the head of the Prysock family, was a half-cropper on Neal Lewis's farm, near Swainsboro, Ga., and Neal Lewis was the head of the Lewis family. From the State's evidence it appears that one day when Neal Lewis and his son, Joe Lewis, had occasion to go near Jake Prysock's home, Joe saw Talmadge Prysock and his brother-in-law, Bill Crawford, shooting doves, and remonstrated with them for shooting out of season; whereupon, Prysock and Crawford so cursed and threatened Joe that he got in his automobile and hurried to town

to get warrants for them, leaving his father at Prysock's house. Joe met Lester Schwalls and Joe McBride going towards Prysock's home, and asked them to stop and see that his father was not hurt before he could return. In town Joe met his brother, Ottie Lewis, Lester Coleman, and Frank Lamb, and told them of his trouble at Prysock's. We now quote some of the testimony of Joe McBride: "When we got there first I saw Mr. Neal Lewis. He was not doing anything. He was standing in the road. Ottie Lewis and Lester Coleman and Frank Lamb came up next. . . Ottie went to the gate and hollered. Nobody came out. He then went on to the door-step. . . Mrs. Crawford came out on the porch. . . Well, Ottie asked: 'It seems like there is a fuss here all the time?' She said: 'Yes.' He said: 'It ought to stop.' She said: 'Yes.' He said: 'Joe is not able to fight, nor is papa either. . . ' If there is any fighting to be done, I will have to do it.' After that, Crawford came out of the room door at the end of the porch. He opened the door. He had a flashlight. . . Well, he and Ottie went together, and he hit Ottie with it. That was the first lick that was struck. Ottie and Crawford engaged in a general fight then. While they were so engaged Magnus Prysock came out. He had a piece of iron . . about two feet long. . . He went over and hit Ottie Lewis with it. . . Frank Lamb went on the porch, and Lester Coleman. They didn't get quite to where they were mixing in the fight. Talmadge came out and knocked Frank Lamb down, is what prevented it. He knocked him down with a piece of iron. It looked like a piece of buggy-axle to me, with a nail-puller on the end. It was about two feet and a half long. He hit Frank from the rear with both hands. . . It sounded to me like you had knocked a hog with an ax. . . Frank fell on the porch. . . Immediately after he hit Frank, Talmadge made about a step over and knocked Lester Coleman down. He hit him on the back of the neck. Talmadge approached both of these men from the rear. They were not doing anything. They had started towards where these parties were fighting. Neither Frank nor Lester got to the parties fighting. Magnus was still there with his 'frow' when Frank and Lester approached. He was trying to strike Ottie again. It was then Frank and Lester approached, and it was then they were hit from behind by Talmadge." In this connection, we will state that there is no question that Frank Lamb died from the blow struck by Talmadge Prysock.

After stating in effect that Joe Lewis came to Jake Prysock's house and accused him and Bill Crawford of shooting doves out of season when they were merely shooting at a hawk, and, without cause, cursed them vilely, and threatened them, Talmadge Prysock made in part the following statement to the jury: "When Mr. Lewis and them came, me and my brother-in-law were in the house. . . Ottie Lewis said: 'Where is the God d—n son of a b—h at?' My sister told him in the house. He said he wanted to see him. My sister said he was in the house where he was going to stay. . . They came on up the steps. Where I was standing and my brother-in-law was standing in the room, we could look right out the window and see them all. Ottie Lewis had taken my sister by the arm and shoved her up against the wall. My brother-in-law met him at the door—went on to meet him. I came on out. . . Him and Frank Lamb was passing blows at each other. Quick as I came out, Frank Lamb wheeled on me, and struck at me one lick. I dodged his lick and shoved him back. He throwed his hand in his right hip-pocket, and said: 'I will kill every one of you.' I saw a stick . . two feet and a half or three feet long lying down there—a window-prop, and I grabbed up the stick and hit Lamb somewhere about the head with it. He fell and staggered backward over the flowerstand—fell backwards down the steps and hit the back of his head on the bottom step, and rolled out in the yard. That time Lester was fighting my brother. . . When I walked out there their breath smelled of whisky—every one of them." It would answer no good purpose to quote more of the defendant's statement, or to set out the testimony of the numerous other witnesses offered by the defendant and the State. Suffice it to say that the gist of the defendant's case is that the Lewises, and those with them, precipitated without cause a general fight by cursing and entering the dwelling house of Jake Prysock, and that Frank Lamb was killed while participating in said difficulty.

Under the facts presented by the record, this court can not say that the verdict of voluntary manslaughter was not warranted by the evidence; and we hold that the trial judge did not err in over-ruling the general grounds of the motion for a new trial.

■ As stated in the beginning of this opinion, the only special ground is that a new trial should be granted because Walter Hayes, one of the jurors who convicted the accused, "was related to Ottie

Lewis, one of the prosecutors in the case, within the ninth degree." Under this ground, the real contest was whether Ottie Lewis was a prosecutor in the case. We quote from the affidavit of Ottie Lewis as follows: "This was a special presentment, but the father of Frank Lamb, W. W. Lamb, was in reality the prosecutor. . . Upon the case being called, affiant was sworn with the other witnesses and sequestered, and was not present in the court-room when the jury was selected, and affiant remained sequestered during the entire progress of the trial, and did not participate in the conduct of the case or the selection of the jury as alleged, or otherwise." We quote next from the affidavit of W. W. Lamb: "There was an indictment for murder, upon which the defendant was tried, against all four of the defendants named. They were charged with killing Frank Lamb. Another indictment was found at the time against Talmadge Prysock, charged with assault with intent to murder on Lester Coleman. . . There was also returned an indictment charging assault with intent to murder against Bill Crawford and Magnus Prysock, the person alleged to have been assaulted being Ottie Lewis. . . Then there was a charge of assault and battery against Jake Prysock on the person of the deceased, Frank Lamb. . . There were no other indictments returned than these mentioned, and no indictment was returned in which Ottie Lewis was prosecutor, and each of said indictments was a special presentment, though affiant was really the prosecutor in the case wherein the murder of affiant's son, Frank Lamb, was charged against all the defendants. This was the case tried, and Ottie Lewis was a witness subpoenaed by the State; and the said Ottie W. Lewis was sequestered, and did not assist in the selection of the jury, and was not concerned with the prosecution whatsoever." Copies of the various presentments mentioned in the foregoing affidavit were attached thereto.

It is contended that since it is practically conceded that Ottie Lewis was related to the juror Hayes within the prohibited degree of kinship, and since he took such a prominent part in the difficulty out of which the various presentments arose, Hayes could not have accorded the accused a fair trial. This contention seems to be beside the question, which, in its last analysis, is: Was Ottie Lewis a prosecutor in the case? Without reference to any of the other numerous affidavits presented both by the State and the

defendant, we think it is perfectly clear that the court, as trior, was fully warranted in finding that Ottie Lewis was not a prosecutor in the case. Therefore we hold that the court did not err in overruling the special ground of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*