## 62120. WATKINS v. THE STATE.

BIRDSONG, Judge.

Robert R. Watkins was convicted of rape and aggravated sodomy and sentenced to life imprisonment.

The evidence showed the following: The victim, age 18, worked with appellant at a restaurant where he was the cook. The victim and a co-worker asked appellant for a ride home after work. After appellant dropped the co-worker off at her home, the victim refused his invitation to go to a club. As they drove on appellant seemed lost and made as if to turn around in a small park. Instead, he parked the car and shoved or pushed the victim into the back seat of the car and raped and sodomized her. Though the victim begged to be let go, appellant stated he could not because she knew who he was and strangled her until she became unconscious. After lying unconscious in heavy rain she finally staggered out onto the street where two men picked her up. The victim had been seriously injured. She complained she had been raped and stabbed and "she called Robert's name" and said Robert had made her perform sodomy. At the hospital while undergoing emergency treatment she told the treating doctors that she had gotten a ride home with a person she worked with who had taken her out some place and that she had been raped and then tied to the bumper of a car and dragged and that was the last she remembered. (At trial she remembered nothing after having been strangled in the car.) She was treated for a fracture of the right collarbone, separation of the left collarbone from the shoulder, and a broken left arm; she had several large abrasions (loss of skin and

muscle) on her buttocks, extremities, back of her head, her trunk, and face, all which the examining physician had seen in persons thrown from a fast-moving vehicle. She had sustained a head injury resulting in transient functional impairment of mental ability and was disoriented for two days. She was in the hospital about four weeks. Because of the extent of her injuries, the gynecologist was not able to perform a normal examination for the presence of seminal fluid. The only traces of seminal fluid were found on the back seat of appellant's car.

The appellant gave a statement to the police that he took the victim to a disco and left her there. At trial, however, he testified that he and the victim smoked marijuana at a club, and later behind a store they had intercourse and sodomy at the victim's suggestion, after which he dropped her off at the disco.

The morning following the event, the victim's brother went to the park, where he recovered a name tag with his sister's nickname on it, a comb, pantyhose, a rope from inside a trash can, and a piece of blue plastic that looked as if it had come from the inside of a car.

Appellant enumerates six errors of law. *Held:*

1. Appellant complains of the trial court's denial of his motion to suppress as to the piece of blue plastic. We find no error. The brother gave the police the items he had found at the park. Later a policeman opened the passenger door of appellant's car and while the appellant stood nearby the brother matched the torn piece to the seat. Giving appellant the benefit of his argument that the brother acted as agent for the police, we nevertheless find no impropriety in the admission of the torn plastic parts or the information that they matched. The car and all its components were an instrumentality of the crime. Code § 27-301 (d) permits the discovery and seizure of an instrumentality, or any item, substance, object or thing which is tangible evidence of the commission of the crime, when a lawful arrest has been effected and the search is made in the area of the person's immediate presence. The appellant was present when the car door was opened; there is no evidence that he objected to the procedure or exhibited any disapproval.

Moreover, even assuming error, the admission of the evidence concerning the brother's act in matching the plastic piece to the car was merely cumulative and therefore harmless beyond a reasonable doubt *(Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133)), and in high probability did not contribute to the verdict. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). A state crime lab expert testified that he received the impounded car (after a search warrant had been obtained), that he himself examined it and matched to the broken seat the plastic piece which he had received from the police. The

expert testified that in his opinion the piece of plastic (which the brother testified he had found at the park) had been broken off with some force from the seat of appellant's car. Any other activity or testimony concerning the matching of the plastic to appellant's car was merely superfluous.

2. The evidence was fully sufficient to authorize a reasonable trier of fact to rationally find proof of appellant's guilt beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). The evidence, including the victim's testimony, authorized the jury to conclude beyond a reasonable doubt that the victim had been raped and sodomized by the appellant. See esp. *Neal v. State,* 152 Ga. App. 395 (1) (263 SE2d 185)..

3. The trial court did not err in admitting evidence of hair found imbedded in the pavement at the scene of the crime, even though this hair was never identified or analyzed as belonging to the defendant or the victim. The evidence in the case is sufficient to authorize the jury to consider the manner and circumstances in which human hair might become so imbedded in the pavement as not to be washed away by the heavy rains on the night of the crime. The evidence shows that the victim lost a large wad of hair from her head as a result of an abrasion consistent with her being thrown or dragged from a fast moving vehicle. The physical evidence of the hair was relevant and there is sufficient basis to authorize the jury to decide whether it was connected to this crime. See *Kent v. State,* 157 Ga. App. 209 (276 SE2d 881). In any case, the admission of it would not be harmful error since in light of the other evidence in the case it is highly probable the hair did not contribute to the verdict. *Boyd,* supra.

4. The trial court did not commit reversible error in failing to excuse for cause a juror who exhibited a strong belief in the integrity and credibility of police officers. Under assiduous questioning, the juror stated that notwithstanding his avowed faith in law enforcement persons, he would follow the instruction of the court as to credibility of the witnesses and would weigh such testimony in the light of all the evidence. The trial court did not abuse its discretion in concluding that the juror exhibited no such bias as to fatally infect his verdict. *Welch v. State,* 237 Ga. 665, 671 (5) (229 SE2d 390).

5. In closing argument the district attorney commented on the fact that in his statement to police following his arrest, appellant made no reference to having had consensual sexual relations with or smoking dope with the victim, while at trial he did so testify. This was not an impermissible comment on the appellant's right to remain silent, because the evidence shows the appellant did not remain silent. *Johnson v. State,* 235 Ga. 355 (219 SE2d 430). He made

differing statements after arrest and during trial; this has always been an appropriate and sometimes vital subject of inquiry and impeachment. See especially *Head v. State,* 160 Ga. App. 4.

6. The trial court did not err in denying appellant's motion for mistrial based on inflammatory remarks by the state concerning appellant's hygiene. The trial court sustained appellant's objection and admonished the jury to disregard the remarks. In any case, it is highly probable the remarks did not contribute to the verdict, in view of the other evidence in the case. *Boyd,* supra.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 29, 1981.

*Sharon A. Shade, Dwight L. Thomas,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, H. Allen Moye, Assistant District Attorneys,* for appellee.

