## 65177. TEAGUE v. THE STATE.

CARLEY, Judge.

Appellant was convicted of burglary, possession of a firearm during the commission of a crime, and a violation of the Georgia Controlled Substances Act. Her motion for new trial was overruled and she appeals.

1. Appellant enumerates the general grounds. The evidence demonstrates that appellant made a post-arrest statement. That statement was a confession as to the burglary and was sufficiently corroborated. See generally *Rosser v. State,* 157 Ga. App. 161, 162 (2a) (276 SE2d 672) (1981). With regard to the drug violation, appellant's post-arrest statement was a confession to at least constructive possession of contraband specifically identified by her as Preludin and found in the glove compartment of the automobile she was driving. Appellant's confession in this regard was sufficiently corroborated by expert testimony that the contraband found in the automobile was in fact Preludin. "Sufficient corroboration of the defendant's confession of the crime charged to sustain his conviction exists where there is satisfactory evidence aliunde, either direct or circumstantial, showing that the crime as confessed has in fact been

committed. [Cits.]" *Williams v. State,* 88 Ga. App. 753 (2) (77 SE2d 759) (1953).

With regard to the crime of possession of a firearm during the commission of a crime, appellant's post-arrest statement was not a confession to a violation of OCGA § 16-11-106 (Code Ann. §§ 26-9908a, 26-9909a). She stated only that the gun discovered in the car at the time of *her arrest* was hers. See generally *Aldridge v. State,* 158 Ga. App. 719, 720 (1b) (282 SE2d 189) (1981). This was, at most, an incriminating statement. An incriminating statement can, however, be a circumstance from which guilt may be inferred. *Kinard v. State,* 19 Ga. App. 624, 625 (3) (91 SE 941) (1917). In the instant case, the evidence demonstrates that police officers had appellant's car under surveillance during a period of time when it was unoccupied. During that time, the officers were able to observe, by looking through the windows, the contents of the open glove compartment. No gun was present in the glove box at that time. When appellant and her co-defendant returned to the car and attempted to drive away, they were immediately stopped and arrested. At that time, the glove compartment was closed and the gun was found therein. In her post-arrest statement, appellant, in addition to admitting the gun was hers, confessed that, during her absence from the car, she was serving as a "look-out" while the burglary was being perpetrated. Thus, during the commission of the burglary, appellant's gun was not in the car. However, immediately after she returned from participating in the crime it was found there. This evidence, though circumstantial, when coupled with the admission of ownership authorizes the conviction of appellant for violating OCGA § 16-11-106 (Code Ann. §§ 26-9908a, 26-9909a). Cf. *Williams v. State,* 12 Ga. App. 84 (1) (76 SE 785) (1912). The proved facts concerning the absence of appellant's gun during her commission of the burglary and its sudden appearance at a time when appellant was attempting to leave the scene of the crime is not only consistent with the hypothesis of appellant's guilt of having it in her possession during the commission of the burglary, but excludes every other *reasonable* hypothesis save that of her guilt.

There is no merit in the general grounds.

2. Several of appellant's enumerations of error are predicated upon the trial court's giving or failure to give certain instructions to the jury. The state takes the position that appellant has no standing to assert any error in the charge. Accordingly, we must first determine whether appellant's enumerations as to the charge are properly before us.

Our review of the transcript demonstrates that there is no basis for holding that appellant induced any of the errors in the charge she

now enumerates on appeal. See *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980). Nor is there any basis for holding that appellant has waived her right to enumerate errors in the charge. Unlike *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979) and *Jackson v. State,* supra, at the end of the charge in the instant case the trial court merely asked if there was "anything else counsel would like the Court to charge?" It "is clear that the trial court was not inviting objections to his entire charge by this inquiry." *Lumpkin v. State,* 249 Ga. 834, 835 (295 SE2d 86) (1982). The most that can be said is that the trial court was inquiring if counsel had any more requests to charge. To hold that the negative response of appellant's counsel to this inquiry was a waiver of the right to enumerate error in the court's actual giving of an erroneous charge or in its failure to give a charge even without request would be violative of OCGA § 5-5-24 (a) (Code Ann. § 70-207). "The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal." *Lumpkin,* supra at 835. Accordingly, we must address the merits of appellant's enumerations as to the charge.

It was not error to charge, in effect, that appellant's recent possession of property taken from the burglarized premises was a circumstance which could be considered in determining guilt. See generally *Carpenter v. State,* 160 Ga. App. 94 (286 SE2d 329) (1981). Contrary to appellant's assertions, there was evidence of her recent possession of property taken in the burglary and, accordingly, the charge was adjusted to the evidence. See *Doyle v. State,* 144 Ga. App. 827 (1) (243 SE2d 92) (1978).

3. For the reasons discussed in *Mock v. State,* 163 Ga. App. 319 (294 SE2d 361) (1982), it was not, in the absence of a request, reversible error to fail to charge that the statement of appellant's co-defendant could not be considered against her.

4. In connection with the charge concerning appellant's post-arrest statement, the trial court did not give an instruction in the following language of OCGA § 24-3-53 (Code Ann. § 38-420): "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." The failure to give such a charge, without request, is enumerated as error. See *Lucas v. State,* 110 Ga. 756 (4) (36 SE 87) (1900).

"*Lucas* states a salutory rule which should always be applied where 'the case, at best, is close and doubtful, and it is by no means clear that the evidence warranted a conviction.' [Cit.] In cases not fitting this definition it is obiter. [Cits.] No reversible error appears." *Smith v. State,* 160 Ga. App. 574, 575 (2) (287 SE2d 622) (1981).

5. Appellant's motion for new trial was not erroneously denied.
*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 18, 1983.

Alfred D. Fears, William P. Bartles, for appellant.

E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney, for appellee.