## 72479. JOHNSON v. THE STATE.
(346 SE2d 903)

BIRDSONG, Presiding Judge.

Vern Gonzales Johnson was convicted of rape and armed robbery. He was sentenced to serve twenty years for rape and twenty years for robbery, ten years to be served concurrently with the rape sentence and ten years on probation. He brings this appeal enumerating thirteen alleged errors. *Held*:

1. In enumerations of error 1 and 6, Johnson argues in very non-specific terms that the trial court erred in not granting full discovery following a *Brady* motion. The motion demanded complete access to the State's file. However, it is clear that the defendant is not entitled to rummage through the State's file in the name of discovery. *Hicks v. State*, 232 Ga. 393, 396 (207 SE2d 30). Under *Brady* and its progeny, the defense is entitled to exculpatory material contained in the State's files. The transcript affirmatively reflects that the State averred there was no exculpatory material in the file. The trial court conducted an in-camera examination of the files and likewise averred the absence of exculpatory material. In spite of the enumeration of error and indeed even considering the enumeration, the defense has made no showing that the file did contain exculpatory matter in contradiction to the express denials by the State and the court. Moreover, it is noted the trial court placed a continuing obligation upon the State to deliver any exculpatory material to the defense whenever any such material came into the possession of the State. Under such circumstances, the *Brady* demand filed by the appellant was satisfied and no showing of error has been demonstrated in this enumeration. *Hicks v. State*, supra.

2. Appellant complains in enumeration 2 the trial court erred in refusing to appoint a defense expert to aid in the investigation and preparation of the defense's case. In the first place, the use of state funds for this purpose lies exclusively within the discretion of the trial court and the exercise of that discretion will not be condemned except where there is an abuse thereof. *Patterson v. State*, 239 Ga. 409, 412 (238 SE2d 2). In this case Johnson admitted the act of intercourse with the female, only contesting the issue of consent. The use of an expert to examine the scientific evidence adduced by the State to prove the penetration would have been meaningless inasmuch as the appellant admitted that fact. The remaining issues were related to matters of credibility and were easily established or refuted by non-expert testimony. There was no abuse of discretion in the denial of the futile use of such funds. *Welch v. State*, 237 Ga. 665, 673 (229 SE2d 390).

3. The limitation of the right to inspect the material evidence in the hands of the State under the supervision of state employees at the

site of the evidence (the state crime lab) constituted an acceptable right of inspection and did not place an undue burden upon the defense. *Haynie v. State*, 141 Ga. App. 688, 694 (234 SE2d 406).

4. There is no merit in the contention that the search warrant did not properly describe certain clothing identified by the victim and similarly described in the warrant. The victim described clothing worn by her assailant as to type and color. This is sufficiently descriptive so as to meet the "generic description" required by the law of this state. See *Butler v. State*, 130 Ga. App. 469, 473 (203 SE2d 558). Additionally, neither the presence of appellant's counsel nor appellant's consent is required for the execution of a warrant calling for the seizure of hair, blood or other body fluids. See in this regard *Creamer v. State*, 229 Ga. 511, 517-518 (192 SE2d 350).

5. In enumerations 5, 6, 8 and 10, Johnson urges the State pursued certain racially motivated actions. There is no basis for an allegation that the Grand and Petit Juries were not representative of the community either by age group nor by race or that the peremptory challenge of two black jurors was racially motivated. Appellant totally failed in producing any evidence to establish a statistical or factual basis of lack of proportionalness to warrant a grant of a challenge to the array or to the composition of the juries. See *Whitehead v. State*, 126 Ga. App. 570, 574 (191 SE2d 336); see also *Welch v. State*, supra at p. 671. A related enumeration complains that there was insufficient evidence before the Grand Jury to support the return of the indictment. For the same reasons (i.e., failure to support the enumeration in the record), this enumeration must fail. *Whitehead v. State*, supra. Lastly, we note that the two black jurors peremptorily challenged by the State were clearly challenged for non-racially motivated reasons. Neither did Johnson demonstrate a pattern of action by the State within the jurisdiction. There being an absence of any pattern of systematic exclusion of blacks from juries within the jurisdiction and a reasonable explanation of record for the exercise of the peremptory challenges, there is no merit in this enumeration.

6. In enumeration of error 11, Johnson complains the trial court erred in failing to give each of his numerous requested charges. There is no objection to any particular charge nor any argument or citation of authority as to why the failure to give a particular charge was error in the context of the general charge or the facts of the case. The failure to support this enumeration with argument or citation of authority constitutes an abandonment of this enumeration and requires no consideration thereof by this court. *Pierce v. State*, 243 Ga. 454, 455 (254 SE2d 838); *Kiriaze v. State*, 147 Ga. App. 832, 833 (4) (250 SE2d 568). Moreover, the charge given by the court covered all requested charges even if not in the specific language requested. *Burnett v. State*, 240 Ga. 681 (7) (242 SE2d 79); *Howard v. State*, 151 Ga. App.

759, 760 (261 SE2d 483).

7. In enumerations 9, 12, and 13, Johnson complains the trial court erred in denying a motion for directed verdict of acquittal and motion for new trial as to the charge of rape and armed robbery. The basis of these enumerations is that the credibility of the witness for the State was highly suspect and did not establish Johnson's guilt beyond reasonable doubt or alternatively that the jury disliked Johnson. As an appellate court, we will not invade the province of the jury and weigh the credibility of the evidence. We will only look to ascertain if there is sufficient evidence to warrant a rational jury of reasonable personages to reach a finding of guilt beyond reasonable doubt. There is no doubt in our collective minds that the evidence in this case meets this standard. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JUNE 23, 1986.

*David S. Lipscomb*, for appellant.

*Thomas C. Lawler III, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.

