## A92A1183. GIDDENS v. THE STATE.
### (425 SE2d 299)

COOPER, Judge.

Appellant was convicted by a jury of voluntary manslaughter and possession of a knife during the commission of a felony.

On the evening of the killing, appellant and the victim were drinking and talking together outside an apartment complex. Witnesses from the complex testified that the talk between appellant and the victim turned argumentative, and the victim shoved appellant to the ground and straddled appellant's chest with a pocketknife at his throat. The victim then put his knife away and let appellant up, and appellant went upstairs. After a period of time, the length of which was disputed, the victim followed him upstairs. The testimony regarding whether the victim had his knife drawn and what happened in the stairwell was conflicting. It is clear, however, that when the victim reached the top of the stairs he was stabbed. At trial appellant did not dispute that he stabbed the victim and that the victim died from those wounds, but he took the position that the stabbing was in self-defense. Thus, the crucial issue for jury determination was appellant's state of mind at the time of the killing. Appellant was indicted for murder, but the jury found him guilty of voluntary manslaughter.

In his two enumerations of error, appellant contends the trial court erred in allowing the State to present evidence that a urine sample taken from the appellant following the killing tested positive for marijuana. Because he was not charged with any violation of the Georgia Controlled Substances Act, he argues that this evidence was irrelevant and improperly placed his character in issue contrary to OCGA § 24-2-2. "Evidence as to whether appellant was under the influence of alcohol or drugs on the night in question was part of the res gestae of the crimes and was admissible as such." *Hart v. State*, 185 Ga. App. 141, 143 (4) (363 SE2d 599) (1987). The logic of this general rule is particularly clear in a case such as this one, where the state of mind of the accused is pivotal. Although the State's expert could not state how long before appellant's crime appellant had smoked mari-

juana or that he was necessarily under the influence of marijuana at the time of the killing, the evidence that components of marijuana were in appellant's system just after the killing was relevant because it made the inference that appellant was under the influence of drugs on the night in question more probable than it would have been in the absence of this evidence. " 'The (S)tate is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged and we find no error in admitting this evidence as part of the res gestae even though it may have incidentally placed the defendant's character in evidence. (Cit.)' [Cits.]" Id. at 142-143.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 22, 1992 —
RECONSIDERATION DENIED NOVEMBER 23, 1992.

*Helms & Helms, Jack J. Helms, Jr.*, for appellant.
*Robert B. Ellis, Jr., District Attorney, Robert D. Cullifer, Assistant District Attorney*, for appellee.