A95A2759. ASBERRY v. THE STATE.
(467 SE2d 225)

BLACKBURN, Judge.

Cedric Asberry's appeal of his conviction for possession of a firearm during the commission of a crime presents the first impression issue of whether marijuana is a controlled substance under OCGA § 16-13-30 for the purpose of a prosecution under OCGA § 16-11-106 (b) (4).

During the execution of a search warrant, police found 11 bags of marijuana and a handgun in Asberry's possession in his hotel room. Asberry was convicted of possession of a firearm during the commission of a crime as well as possession of a firearm by a convicted felon.

OCGA § 16-11-106 (b) (4) provides that "[a]ny person who shall have on or within arm's reach of his person a firearm . . . during the commission of . . . [a]ny crime involving the possession, manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute *any controlled substance as provided in Code Section 16-13-30* . . . and which crime is a felony, commits a felony." (Emphasis supplied.)

While the possession, manufacture, delivery, distribution, purchase or sale of marijuana does constitute a crime under OCGA § 16-13-30 (j), a review of OCGA § 16-13-30 indicates that, within the statute, the legislature distinguishes between controlled substances and marijuana, and OCGA § 16-11-106 (b) (4) limits prosecutions to

cases involving controlled substances. In particular, the legislature provided separate and distinct paragraphs and punishments for those offenses involving controlled substances and those involving marijuana. Compare OCGA § 16-13-30 (c), (d), (e), (f), (g), and (h) with OCGA § 16-13-30 (j). The legislature's intent to distinguish controlled substances from marijuana is evident in other respects. The one time the two terms are used within the same subparagraph of the statute, they are used in the disjunctive. See OCGA § 16-13-30 (k) ("It shall be unlawful for any person to hire . . . an individual under the age of 17 years . . . for the purpose of manufacturing, distributing, or dispensing, on behalf of the solicitor, any *controlled substance*, counterfeit substance, *or marijuana*"). (Emphasis supplied.)

In response to Asberry's claims that marijuana is not a controlled substance for purposes of OCGA § 16-11-106 (b) (4), the State argues that the Georgia Controlled Substances Act, OCGA §§ 16-13-20 through 16-13-56, contains proscriptions against marijuana, and, thus, marijuana should be considered a controlled substance.[1] OCGA § 16-11-106 (b) (4), however, does not refer to acts which constitute a violation of the Georgia Controlled Substances Act, OCGA §§ 16-13-20 through 16-13-56, but rather limits prosecutions to acts involving *controlled substances as provided in OCGA § 16-13-30*.

The State's interpretation also ignores several cardinal rules of statutory construction. " '[I]t is well settled in this jurisdiction that all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it.' " *Buice v. Dixon*, 223 Ga. 645, 647 (157 SE2d 481) (1967). Accordingly, statutes "are to be construed in connection and in harmony with the existing law." Id. Following this precept, we must presume that in adopting OCGA § 16-11-106 (b) (4), the legislature was well aware that the drug statute it chose to specify, OCGA § 16-13-30, used the terms "controlled substance" and "marijuana" distinctly and separately. The very title of OCGA § 16-13-30, "Purchase, possession, manufacture, distribution, or sale of controlled substances or marijuana; penalties" reflects that the terms are distinctive.

" 'Controlled substance' means a drug, substance, or immediate precursor in Schedules I through V of Code Sections 16-13-25 through 16-13-29 and Schedules I through V of 21 C.F.R. Part 1308." OCGA § 16-13-21 (4). Marijuana is not listed within any of the schedules contained in this definition.

---

[1] The only other authority cited by the State, *Jones v. State*, 184 Ga. App. 4 (360 SE2d 599) (1987), is factually inapposite as it addressed the issue of whether the defendant was in possession of the firearm — not whether marijuana was a controlled substance. Moreover, contrary to the State's assertion, in *Jones* the defendant's conviction on the firearm charge was reversed, not affirmed.

" 'Marijuana' means all parts of the plant of the genus Cannabis, whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include samples as described in subparagraph (P) of paragraph (3) of Code Section 16-13-25 and shall include the completely defoliated mature stalks of such plant, fiber produced from such stalks, oil, or cake, or the completely sterilized samples of seeds of the plant which are incapable of germination." OCGA § 16-13-21 (16).

Consequently, when the legislature expressly incorporated only those provisions of OCGA § 16-13-30 that concerned "controlled substances," it excluded those provisions of OCGA § 16-13-30 that concern "marijuana."

The legislature's limitation of OCGA § 16-11-106 (b) to cases involving controlled substances is consistent with their prior determination that crimes involving the possession, manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute certain controlled substances merit harsher punishment than the same crimes involving marijuana. Compare OCGA § 16-13-30 (c), (d), (e), and (f) with OCGA § 16-13-30 (j); see also OCGA § 16-11-106 (b) (5) (statute expressly provides that possession of a firearm by someone *trafficking* in marijuana is unlawful). Furthermore, "[w]hen a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute *must* be construed strictly against the State and in favor of the accused." (Punctuation omitted.) *State v. Crane*, 247 Ga. 779, 780 (279 SE2d 695) (1981).

The trial court erred in charging the jury that marijuana was a controlled substance for purposes of OCGA § 16-11-106 (b) (4), and Asberry's conviction under that statute is hereby reversed. No error having been enumerated with regard to Asberry's other conviction, it is unaffected by this opinion.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 30, 1996.

*Timothy T. Herring*, for appellant.
*Lewis R. Slaton, District Attorney, John M. Turner, Jr., Rebecca A. Keel, Assistant District Attorneys*, for appellee.