## A97A1098. BROWN v. THE STATE.
(486 SE2d 678)

MCMURRAY, Presiding Judge.

A jury convicted defendant Orlando Brown of aggravated assault and possession of a firearm during the commission of a crime. On appeal, he challenges the sufficiency of the evidence and claims error in the trial court's recharge on self-defense. *Held*:

1. In two enumerations, defendant claims the evidence was insufficient to prove the crimes charged and overcome his claim of self-defense. Construed in favor of the verdict, the evidence shows the victim, Walter Kendrick, was visiting friends at the apartment complex where defendant lived. An eyewitness saw Kendrick, unarmed, sitting atop a bike outside an apartment and speaking to a tenant. That eyewitness testified that defendant came around the corner of the apartment building, saw the victim, went in his apartment, and came out with a shotgun, which he fired at the victim. Testimony showed the victim was attempting to flee when the shotgun blast struck him in the head and shoulders, blinding him in one eye. Defendant testified that Walter Kendrick had fired shots at him earlier that day and claimed he shot Walter Kendrick in self-defense. "The jury, assessing the weight of the evidence and the credibility of the witnesses, chose not to believe [Brown's] testimony that the

shooting was in self-defense. [Cit.] The evidence satisfies the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Weems v. State*, 267 Ga. 182, 183 (1) (476 SE2d 585) (1996); see also *Tucker v. State*, 222 Ga. App. 517 (1), 518 (474 SE2d 696) (1996). These enumerations are without merit.

2. Defendant also claims the court erred when it recharged the jury, at its request, on the law of self-defense. According to Brown, the recharge should have reminded the jury of the State's burden to disprove beyond a reasonable doubt the claim of self-defense. This enumeration is without merit, as the court instructed the jury on that burden in its original charge. "The original charge adequately covered the issues of reasonable doubt and burden of proof. Thus, the charge, taken as a whole, was proper. [Cit.]" *Jordan v. State*, 210 Ga. App. 30, 31 (2) (435 SE2d 256) (1993); see also *Massalene v. State*, 224 Ga. App. 321, 322 (2), 323 (480 SE2d 616) (1997).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MAY 13, 1997 — 

 Before Judge Pierce.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.