A97A2052. FULLER v. THE STATE.
(496 SE2d 303)

RUFFIN, Judge.

A jury found Andrew L. Fuller guilty of theft by shoplifting and the trial court sentenced him to serve ten years. Fuller appeals from his conviction and sentence, asserting that his character was improperly placed into evidence, that the trial court failed to excuse for cause a biased juror and that the sentence was improper. For the following reasons, we reverse as to sentencing only.

Viewed in a light most favorable to support the verdict, the evidence shows that on May 18, 1993, Fuller and a female companion entered a grocery store, obtained a shopping cart and headed toward the cigarette counter. A store clerk saw Fuller pick up four cartons of cigarettes, place them in the cart and proceed to the back of the store. Several minutes later, the clerk noticed that Fuller had his jacket undone and was trying to put two of the cartons down into his pants. The clerk confronted Fuller who first attempted to conceal the cigarettes but then scuffled with the clerk. Fuller's companion left the store before being apprehended. Fuller admitted at trial that he entered the store intending to steal cigarettes. The total value of the cigarettes was less than $100.

1. Fuller argues that a juror who admitted to being friends with the arresting officer should have been excused for cause. "Whether to strike a juror for cause lies within the sound discretion of the trial court. [Cits.]" *Burley v. State*, 190 Ga. App. 75, 79 (4) (378 SE2d 328) (1989).

In responding to questioning during voir dire whether the friendship would cause the juror to give more credence to the officer's testimony, the juror in the instant case said "[i]t's possible." The trial court questioned the juror further, asking whether he could make a decision based on the facts and the law rather than on his knowledge of the witness. When the juror responded "[y]es, I'll try to," the court said that it would like a more definitive answer. The trial judge then rephrased the question, asking "can you lay aside any personal feelings you may have toward that witness and decide the case based upon the facts? . . . After you hear the facts of the case and after I tell you what law you must apply, [can you] make a decision as to whether the State has been successful in proving this Defendant is guilty beyond a reasonable doubt?" The juror answered "yes sir." The court refused to excuse the juror for cause.

"When ruling on a potential juror's qualifications, the trial court must make a factual determination based on all the circumstances known to the court, including, but not limited to, the juror's own opinion of his impartiality." *Lively v. State*, 262 Ga. 510, 511 (1) (421 SE2d 528) (1992). "Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." *Johnson v. State*, 262 Ga. 652, 653 (2) (424 SE2d 271) (1993); *Jones v. State*, 184 Ga. App. 4 (2) (360 SE2d 599) (1987). While the juror here was at first uncertain about what effect his friendship with the arresting officer would have on his ability to be impartial, he ultimately stated with certainty that he could render a decision based upon the law and the evidence. The trial court, therefore, did not abuse its discretion by refusing to excuse the juror for cause. *Burley*, supra; *Jones*, supra; *Johnson*, supra.

2. Fuller next maintains that the State improperly introduced his character into evidence when cross-examining him regarding his prior drug use.

At trial, the arresting officer testified that when Fuller was arrested, he was "acting a little uncoordinated . . . like he was under the influence of something. . . ." Fuller later testified, and on cross-examination the State asked him if he was under the influence of alcohol or another drug, specifically cocaine. When Fuller denied that he was under the influence of drugs and stated that he did not "mess with cocaine," the State proceeded to impeach Fuller with a letter he sent to the district attorney's office. In the letter, Fuller stated that he panicked in the grocery store when he saw the store clerk coming toward him because he was high on crack cocaine.

Fuller's attorney did not object to the State's question regarding whether Fuller was under the influence of drugs or alcohol at the time at the robbery. Nor did he object when the State introduced Fuller's letter in order to impeach Fuller's testimony. Because no timely objection was made to the questioning, there is nothing for this Court to review on appeal. "Reversal of the trial court is not authorized on the basis of an evidentiary ruling that the trial court was never called upon to make. Likewise, in the absence of a specific objection below, it was waived." (Citations and punctuation omitted.) *Terry v. State*, 224 Ga. App. 157, 160 (2) (480 SE2d 193) (1996).

Furthermore, the State's questioning as to Fuller's alcohol or drug use on the day of the crime, even if it impermissibly placed his character into evidence, was relevant to Fuller's state of mind and admissible as part of the res gestae. *Carlton v. State*, 224 Ga. App. 315 (2) (480 SE2d 336) (1997).

Finally, even if the State's sole intention in questioning Fuller

regarding his alcohol and drug use was to introduce evidence of Fuller's bad character, it is highly probable that the error did not contribute to the jury's verdict in light of the overwhelming evidence of Fuller's guilt. See *Carlton*, supra at 317.

3. Finally, Fuller argues that he was improperly sentenced under former OCGA § 16-8-14 (b) (1) (C) and the recidivist statute, OCGA § 17-10-7. We agree.

OCGA § 16-8-14 (b) (1) provides that "[a] person convicted of the offense of theft by shoplifting, as provided in [OCGA § 16-8-14 (a)] when the property which was the subject of the theft is $100.00 or less in value, shall be punished as for a misdemeanor." However, former § 16-8-14 (b) (1) (C) established that "[u]pon conviction of a fourth or subsequent *such offense* [pursuant to OCGA § 16-8-14 (b) (1)], the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld." (Emphasis supplied.)

The current version of OCGA § 16-8-14 (b) (1) (C), effective April 29, 1997, provides that "[u]pon conviction of a fourth or subsequent offense for shoplifting, *where the prior convictions are either felonies or misdemeanors,* or any combination of felonies and misdemeanors, as defined by this Code section, the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years. . . ." (Emphasis supplied.) Under the former version of OCGA § 16-8-14, subsection (b) (1) defined misdemeanor shoplifting while subsection (b) (2) defined when shoplifting constituted a felony. Subsection (b) (1) included subparts (A), (B), and (C) which explained the consequences of a second, third and fourth offense as defined in (b) (1). Accordingly, it was clear that under the old law, for a fourth misdemeanor shoplifting offense to be considered a felony, the prior offenses had to be as defined in subsection (b) (1) — that is *misdemeanor* shoplifting offenses.

The legislature amended OCGA § 16-8-14 (b) (1) (C) so that the four previous convictions for shoplifting could be any combination of felonies or misdemeanors. As this revision became effective April 29, 1997, and Fuller was indicted in June 1993 and convicted and sentenced on December 12, 1994, former OCGA § 16-8-14 (b) (1) (C) applied. The State introduced certified copies of three prior felony convictions against Fuller for theft by shoplifting. Under the former version of OCGA § 16-8-14 (b) (1) (C), these convictions could not be used to make the current misdemeanor offense a felony. Accordingly, the sentence must be vacated and the case remanded for resentencing consistent with this opinion.

Because Fuller was improperly convicted as a felon for the instant shoplifting offense, he was also improperly sentenced under

the recidivist statute, OCGA § 17-10-7, which applies only when a person is convicted of a felony.

*Judgment of conviction affirmed. Sentence vacated and case remanded for re-sentencing. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 16, 1998.

*Hagler, Hyles, Adams & McKenna, Clark C. Adams, Jr.,* for appellant.

*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney,* for appellee.