## A98A1367. RAMSEY v. THE STATE.
### (505 SE2d 779)

JOHNSON, Presiding Judge.

A jury found Bryant Ramsey guilty of three counts of aggravated battery and one count each of aggravated assault and shoplifting. During sentencing, the trial court held that the aggravated assault charge merged with the aggravated battery convictions. Ramsey appeals from the convictions and the denial of his motion for new trial.

1. Ramsey challenges the sufficiency of the evidence to support his convictions. Ramsey points to his own testimony that he acted in self-defense and claims the state failed to prove that he did not act in self-defense. We note that Ramsey makes no argument regarding the sufficiency of the evidence supporting the shoplifting conviction; any claim of error in that regard is therefore deemed abandoned. See Court of Appeals Rule 27 (c) (2).

On appeal from a criminal conviction, the evidence is examined in a light most favorable to the verdict; as an appellate court we do not weigh the evidence or determine the credibility of the witnesses but only determine whether the evidence was sufficient for the jury to find Ramsey guilty beyond a reasonable doubt under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Young v. State*, 229 Ga. App. 497, 499 (494 SE2d 226) (1997).

Viewed in a light most favorable to the verdict, the evidence shows a loss prevention employee at Parisian department store notified a store detective to watch Ramsey because she thought he was behaving suspiciously. The store detective noticed Ramsey enter a dressing room with two articles of clothing and leave the dressing room with only one. Ramsey returned the one item to the rack and left the store. After seeing that the other article of clothing was not in the dressing room, the detective followed Ramsey out of the store. As the detective jogged to catch up with Ramsey, his handcuffs fell to the ground. When the handcuffs hit the ground, Ramsey turned around. The detective loudly yelled: "Parisian security. Get down on the ground. Parisian security. Get down on the ground." Ramsey swung a boxcutter at him several times, severely cutting his face, ear, wrist and arm. The detective's wounds required 65 stitches and reattachment of his ear; he still had scars at the time of trial seven months later.

The store's loss prevention manager witnessed the confrontation. He heard the detective tell Ramsey twice he was with Parisian security. The witness also saw Ramsey turn around and start fighting. He testified further that the detective's handcuffs fell to the ground while the detective pursued Ramsey and that he never saw the detective strike Ramsey with handcuffs. In fact, the manager said, he picked up the detective's handcuffs after they had fallen on the ground. He also testified that the detective was unarmed.

Ramsey, on the other hand, testified that he did not know the man who struck him on the jaw with handcuffs was a store detective. Ramsey testified that he heard the detective say something, but he did not know what he said or to whom he was speaking. Ramsey testified that he turned around and cut the detective with a boxcutter in self-defense after the detective hit him with the handcuffs.

The jury assessed the weight of the evidence and the credibility of the witnesses and chose not to believe Ramsey's testimony that he cut the detective in self-defense. The evidence was sufficient to authorize a rational trier of fact to find Ramsey guilty beyond a reasonable doubt of committing aggravated battery by maliciously and seriously disfiguring the detective's face, ear and arm. See OCGA § 16-5-24 (a); *Brown v. State*, 226 Ga. App. 447 (1) (486 SE2d 678) (1997).

2. Ramsey contends the trial court erred in allowing the state to present evidence that in July 1997 he admitted he had been under the influence of drugs and alcohol when the offenses were committed in March 1997. Ramsey argues that this evidence improperly placed his character in issue and was not admissible as part of the res gestae because his admission came months after the crimes. We disagree.

" 'Evidence as to whether appellant was under the influence of alcohol or drugs on the [day] in question was part of the res gestae of the crimes and was admissible as such.' The logic of this general rule is particularly clear in a case . . . where the state of mind of the accused is pivotal." (Citations omitted.) *Giddens v. State*, 206 Ga. App. 409 (425 SE2d 299) (1992); see *Carlton v. State*, 224 Ga. App. 315, 317 (2) (480 SE2d 336) (1997). In this case, Ramsey took the position that he acted in self-defense. Therefore, evidence that drugs or alcohol were in his system on the day in question was particularly relevant. See *Giddens*, supra.

The state is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged, and we find no error in admitting the evidence of drug and alcohol use as part of the res gestae even though it may have incidentally placed Ramsey's character in evidence. See *Garcia v. State*, 267 Ga. 257, 258 (4) (477 SE2d 112) (1996) (defendant's in-custody statement that he was addicted to drugs was admissible as res gestae evidence because it was relevant to what transpired shortly before, during and shortly after the crime); *Giddens*, supra (lab test indicating defendant had marijuana in his system just after stabbing the victim was admissible as res gestae, particularly where defendant's state of mind at the time of the crime was critical); *Fuller v. State*, 230 Ga. App. 219, 220 (2) (496 SE2d 303) (1998) (state was properly allowed to cross-examine defendant about drug and alcohol use on the day of the crime because it related to his state of mind and was part of the res gestae). Inasmuch as the relevant inquiry is whether the evidence tends to show the accused's state of mind shortly before, during, or shortly after the commission of the crimes, the fact that Ramsey's admission regarding his drug and alcohol use at the time of the crimes came months later is inconsequential.

Moreover, it is highly probable that this evidence did not contribute to the verdict in light of the overwhelming evidence of Ramsey's guilt. See *Fuller*, supra at 221.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 10, 1998.

*Paul J. McCord*, for appellant.

*J. Tom Morgan, District Attorney, Carol M. Kayser, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.