## A98A1985. MOORE v. THE STATE.

(510 SE2d 607)

POPE, Presiding Judge.

Howard Moore was charged with driving on the wrong side of the road and driving under the influence of alcohol to the extent that it was less safe for him to drive. He was tried by a jury and convicted of DUI, but acquitted of driving on the wrong side of the road. He appeals, raising three enumerations. For the following reasons, we affirm.

Viewing the evidence in the light most favorable to the verdict, it showed that Baldwin County Sheriff's Deputy William Cloud was patrolling in the early morning hours when he saw a car, driven by Moore, make a wide right turn into his lane of travel. The vehicle remained on the wrong side of the road for about 150-300 feet, forcing Cloud to pull off the road to avoid a collision.

Officer Cloud stopped Moore's vehicle and detected a strong odor of alcohol coming from Moore. Cloud asked Moore to step to the rear of the vehicle and noticed that Moore had "very red, very glassy eyes." Officer Cloud asked Moore to submit to a roadside alcosensor test, and Moore refused. Cloud testified that Moore was "very adamant" about refusing the test and was "very uncooperative." Cloud testified that based on Moore's demeanor, he did not think Moore would comply with any requests to submit to field sobriety tests.

Moore was placed under arrest for driving under the influence of alcohol to the extent that it was less safe for him to drive and read his implied consent rights. Moore refused to submit to any state-administered chemical tests.

At trial, Cloud testified that there was no doubt in his mind that Moore was under the influence of alcohol to the extent that he was a less safe driver. Cloud stated that his opinion was based on Moore's erratic driving; on his very red and glassy eyes; and on the smell of alcohol emanating from Moore. Cloud testified that Moore's uncooperative attitude was also indicative of intoxication.

Moore testified and denied that he was intoxicated at the time of his arrest. He admitted that he had consumed two beers earlier in the evening at a pool hall.

1. During deliberations, the jury sent a note to the court asking: "[b]y not submitting to a sobriety test is the defendant automatically charged with DUI?" After consultation with counsel, the court recharged the jury with its original charge on driving under the influence which contained the pattern charge on driving under the influence to the extent that it was less safe for the person to drive, and contained the language of OCGA § 40-6-392 (d). See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 138 (2nd ed. 1991).

In his first enumeration of error, Moore claims that the trial court erred in recharging the jury on DUI and not recharging on issues beneficial to him. Moore also contends that the recharge was erroneous because a simple "no" would have answered the jury's question.

Although the court would not have erred by answering the inquiry from the jury with a simple "no," we find no reversible error in the recharge. "Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested." (Citation and punctuation omitted.) *Bowley v. State*, 261 Ga. 278, 280 (3) (404 SE2d 97) (1991). Moreover, "[t]he original charge adequately covered the issues of reasonable doubt and burden of proof. Thus, the charge, taken as a whole, was proper." (Citation and punctuation omitted.) *Brown v. State*, 226 Ga. App. 447, 448 (2) (486 SE2d 678) (1997).

2. Next, Moore contends that the trial court erred in denying his motion for directed verdict since the evidence was insufficient to convict. We reject Moore's arguments and conclude that a rational trier of fact could find from the evidence adduced at trial proof of his guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Garrett v. State*, 230 Ga. App. 97 (2) (495 SE2d 579) (1998); *Heath v. State*, 229 Ga. App. 69 (493 SE2d 225) (1997). Accordingly, the denial of Moore's motion for directed verdict was proper. See generally *Harvey v. State*, 212 Ga. App. 632, 634 (2) (442 SE2d 478) (1994).

3. Finally, Moore contends that the court erred in ruling that Deputy Cloud's absence at the Administrative Hearing was inadmissible. The court ruled that evidence regarding the administrative hearing procedure was inadmissible. This ruling was not erroneous. See generally *Keith v. State*, 204 Ga. App. 404 (1) (419 SE2d 491) (1992). Moreover, despite the court's ruling that the evidence was inadmissible, Moore testified that the deputy had not been present at the hearing. Thus, any alleged error would have been harmless.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED DECEMBER 29, 1998.

*Tom C. Moore*, for appellant.
*Maxine Blackwell, Solicitor*, for appellee.