## S07A0116. DAVIS v. THE STATE.
### (644 SE2d 113)

THOMPSON, Justice.

Appellant Frederick Lee Davis was convicted of malice murder, two counts of felony murder, kidnapping with bodily injury, two counts of armed robbery, and aggravated battery, all arising out of the shooting death of Stacey Leigh.[1] He appeals from the trial court's

---

[1] The crimes occurred on July 20, 1999. Davis was indicted by a Douglas County grand jury on August 27, 1999. He was reindicted on January 26, 2001 and charged with malice murder, felony murder predicated on the underlying felony of armed robbery, felony murder predicated on the underlying felony of burglary, kidnapping with bodily injury, two counts of armed robbery, and aggravated battery. Trial commenced on February 12, 2001, and the jury returned its verdict on February 16, 2001, finding Davis guilty of all charges. On March 5, 2001, the trial court vacated the felony murder counts based on the malice murder conviction and sentenced Davis to life in prison for malice murder, a concurrent life sentence for kidnapping with bodily injury, two consecutive life terms for the armed robbery counts, and a consecutive 20-year term for aggravated battery. Davis filed a motion for new trial on March 22, 2001, which he amended on April 3, 2003, January 24, 2005, January 25, 2005, and May 25, 2005. The motion as amended

denial of his motion for new trial. After reviewing appellant's enumerations of error, we affirm in part and reverse in part with direction.

1. Viewed in the light most favorable to the verdict, the jury was authorized to find that on the day of the crimes appellant and two other men went to the victim's home where they fatally beat and shot the victim, then stole jewelry, cash, and a gun. A neighbor witnessed appellant and the two men hurriedly exit Leigh's home and flee in an automobile. The neighbor wrote down the vehicle's license number and gave it to police, who determined the car was registered to appellant.

The next day, appellant, who was shot during the crimes, instructed his wife to discard his bloody clothing in a place where it could not be easily found. Appellant then sought medical treatment at the hospital, where he was arrested. Appellant's wife subsequently led officers to appellant's clothing. Guns used in the crimes were discovered on the shoulder of a road near the victim's home.

Several days after his arrest, appellant attempted suicide. When a sheriff's department investigator went to the jail to check on appellant's status, appellant asked to speak with him. The investigator declined because appellant was represented by counsel. Appellant stated that the attorney no longer represented him and that he wanted to talk. Appellant proceeded to tell the investigator that the guns discovered by police had been discarded from his car by the other men.

On August 9, 1999, the investigator conducted another interview with appellant after appellant sent several letters stating that he wished to talk. During this conversation, appellant offered to provide the names of the other men if the State promised not to charge appellant with murder. The investigator informed appellant he could not agree to such a deal and he began walking appellant back to his cell. As they passed an assistant district attorney in the hall, appellant asked the ADA if he could speak to him. The ADA inquired whether appellant had been advised of his *Miranda* rights, to which appellant responded that he wanted to talk, and the ADA pointed out that he could not talk to appellant because he was represented by counsel. Appellant then reiterated his desire to trade information regarding the other perpetrators for an agreement not to charge him with murder.

---

was denied on October 21, 2005. Davis filed a notice of appeal on November 14, 2005. The appeal was docketed in this Court on September 20, 2006 and submitted for decision on the briefs on November 13, 2006.

The evidence presented by the State was sufficient to authorize a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Contrary to appellant's contention, the trial court did not err by failing to merge the armed robbery counts into the felony murder count predicated on the underlying felony of armed robbery. When a defendant is convicted of malice murder and felony murder of the same victim, and of the separately charged felony on which the felony murder count is predicated, the felony murder count is vacated by operation of OCGA § 16-1-7, and the defendant may be sentenced for the felony conviction so long as the felony is not included in the murder as a matter of fact or law. *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993). Armed robbery and malice murder are separate crimes which do not merge as a matter of law. See *Baines v. State*, 276 Ga. 117 (3) (575 SE2d 495) (2003); *Lemay v. State*, 264 Ga. 263, 265 (1) (443 SE2d 274) (1994). Nor do the crimes in this case merge as a matter of fact. See *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932) (test to determine whether there are two offenses or one is whether each provision requires proof of fact which other does not); *Drinkard v. Walker*, 281 Ga. 211, 214 (636 SE2d 530) (2006) (adopting *Blockburger* "required evidence" test); OCGA § 16-1-6. Evidence showing appellant's intent to rob the victim was not used in proving the murder, and evidence that appellant shot the victim was not used to prove the armed robbery. Thus, armed robbery was not included in the murder charge as a matter of fact or law and there was no merger.

3. Nor did the court err by failing to merge the aggravated battery and kidnapping with bodily injury counts. Appellant asserts that these counts merged because the injury caused by the battery was the same bodily injury alleged in the kidnapping count. The record demonstrates that Count 4 of the indictment charged appellant with kidnapping with bodily injury consisting of a broken leg and multiple wounds to the victim's head. In Count 7, appellant was charged with committing the offense of aggravated battery by "seriously disfiguring [the victim's] body by repeatedly beating him in the head." Count 4 thus contained an additional injury, a broken leg, which was not included in Count 7, and the evidence which authorized appellant's conviction of aggravated battery is separate and distinct from the evidence which authorized his conviction of kidnapping with bodily injury. See *Scott v. State*, 276 Ga. 195 (1) (576 SE2d 860) (2003) (aggravated assault conviction authorized where evidence of beating was separate and distinct from evidence of choking which supported murder conviction); *Claypool v. State*, 188 Ga. App. 642 (6) (373 SE2d 765) (1988) (separate convictions for rape and kidnapping with bodily

injury authorized where defendant charged with more than one rape and victim was beaten during the rapes). Compare *Guillen v. State*, 258 Ga. App. 465 (6) (574 SE2d 598) (2002) (aggravated battery and kidnapping with bodily injury convictions merged where evidence establishing bodily injury was same as that used to establish injury resulting from aggravated battery). See generally *Lowe v. State*, 267 Ga. 410 (1) (b) (478 SE2d 762) (1996). Accordingly, Counts 4 and 7 did not merge.

4. We agree, however, with appellant's contention that the trial court erred by not merging the two armed robbery counts. Where a single victim is robbed of multiple items in a single transaction, there is only one robbery. *Bland v. State*, 264 Ga. 610 (4) (449 SE2d 116) (1994); *Creecy v. State*, 235 Ga. 542 (5) (221 SE2d 17) (1975). The trial court erred in imposing two consecutive life sentences for the single armed robbery offense and is directed hereby to strike the sentence imposed on the second armed robbery count.

5. As decided by this Court in *Henry v. State*, 263 Ga. 417 (434 SE2d 469) (1993), Georgia's speedy trial statute, OCGA § 17-7-171, does not violate the state or federal equal protection clauses.

6. Appellant contends the trial court erred by admitting into evidence his July 25, 1999 and August 9, 1999 statements to police. He contends these statements were obtained in violation of his right to counsel inasmuch as the investigator and ADA communicated with him about the case outside the presence of his counsel. The record, however, supports the trial court's finding, made after a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), that appellant initiated the conversations with police and that he knowingly and intelligently waived his *Miranda* rights. The record makes clear that it was appellant who initiated these conversations with police and who insisted on talking to investigators after being reminded that they could not discuss the case in the absence of his attorney. Inasmuch as the State did not violate appellant's constitutional rights, the trial court did not err when it denied the motion to suppress. See *Quedens v. State*, 280 Ga. 355 (3) (629 SE2d 197) (2006).

7. Based on the above rulings, we need not address appellant's alternative argument that trial counsel was ineffective for failing to preserve the enumerated errors for appeal. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

DECIDED APRIL 24, 2007.

*Lee W. Fitzpatrick*, for appellant.

*J. David McDade, District Attorney, Christopher R. Johnson, James A. Dooley, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General,* for appellee.

