## S08A1666. McCLOUD v. THE STATE.

(670 SE2d 784)

CARLEY, Justice.

A jury found Edward McCloud guilty of malice murder, felony murder, two counts of aggravated assault, theft by taking an automobile and financial transaction card theft. The felony murder verdict stood vacated by operation of law, and the trial court merged one of the aggravated assault counts into the malice murder. See *Malcolm v. State,* 263 Ga. 369 (434 SE2d 479) (1993). The trial court entered judgments of conviction on the remaining counts, sentenced McCloud to life imprisonment for the murder, and also imposed consecutive sentences of twenty years for the other aggravated assault, ten years for the automobile theft, and three years for the financial transaction card theft. The trial court granted an out-of-time appeal and subsequently denied a motion for new trial. McCloud appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that McCloud and Joseph Hall, Jr. attacked David Cook in his condominium. McCloud and Hall beat Cook, strangled him, bound his hands and feet, tied a pillowcase and towel around his head, cut him with sharp objects, and fatally stabbed his neck and torso. McCloud and Hall then stole Cook's wallet and car, and drove to Alabama, using Cook's credit card on the trip. This evidence was sufficient for a rational trier of fact to find McCloud guilty of malice murder and the other charged offenses beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[*] The crimes occurred on April 8, 2002, and the grand jury returned an indictment on June 4, 2002. The jury found McCloud guilty on June 20, 2003, and that same day the trial court entered the judgment of conviction. The trial court granted permission to file an out-of-time appeal on August 12, 2003. The motion for new trial was filed on August 13, 2003, and denied on April 17, 2007. McCloud filed the notice of appeal on May 10, 2007. The case was docketed in this Court on June 18, 2008, and submitted for decision on the briefs.

2. McCloud contends that the trial court erred in giving a sequential charge on malice murder, felony murder and voluntary manslaughter in violation of *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). "However, that contention fails because [McCloud] was convicted of malice murder, and 'there can be no harmful *Edge* violation when the jury convicts on a malice murder charge.' [Cits.]" *Bellamy v. State*, 272 Ga. 157, 160 (6) (527 SE2d 867) (2000).

3. McCloud claims that the trial court should have merged the aggravated assault for which he was sentenced into the malice murder. "The rule prohibiting more than one conviction if one crime is included in the other does not apply unless 'the same conduct' of the accused establishes the commission of multiple crimes. [Cits.]" *Waits v. State*, 282 Ga. 1, 4 (2) (644 SE2d 127) (2007). Here, the same conduct of McCloud does not establish the commission of both the aggravated assault and the murder. The aggravated assault is established by evidence that McCloud and Hall beat and strangled the victim, whereas the murder is established by evidence that they killed the victim by stabbing him with an unknown object. Because the two crimes are not established by the same conduct, there is no merger. See *Davis v. State*, 281 Ga. 871, 873 (2) (644 SE2d 113) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2008.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary N. Kimmey, Assistant Attorney General*, for appellee.