### S09A1468. HALL v. THE STATE.
(687 SE2d 819)

BENHAM, Justice.

Appellant Joseph Hall, Jr., appeals his conviction for malice murder, aggravated assault, theft by taking, and financial transaction card theft in relation to the death of David Cook.[1]

1. At trial, the evidence showed that on April 8, 2002, appellant

---

[1] The victim, David Cook, was found dead in his condominium apartment on April 10, 2002. Appellant and Edward McCloud were indicted by the Fulton County grand jury on June 4, 2002. Their joint trial was held on June 16-20, 2003, and both were found guilty and sentenced to life for malice murder with a count of felony murder and aggravated assault

and his co-defendant went to the apartment home of the victim to have drinks and sex. Appellant testified he used drugs and sipped alcohol while at the victim's apartment. The victim allegedly made unwanted sexually aggressive advances toward appellant. Appellant took the stand in his own defense[2] and admitted to punching the victim, stabbing the victim with a knife, tying the victim's hands with phone cord, observing his co-defendant cut the victim's throat, and leaving the scene without calling for help or knowing whether the victim was alive or dead. The evidence showed appellant and the co-defendant stole the victim's vehicle and used the victim's credit and debit cards on their way to Alabama, where the victim's car was eventually found. The medical examiner testified that the victim died from "incised and stab wounds of the neck and torso," including a wound that punctured the victim's lung and a wound that punctured the victim's neck artery. The medical examiner also found that suffocation was indicated, as well as blunt trauma to the neck by squeezing or striking.

The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder, aggravated assault, theft by taking, and financial transaction card theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. As part of the investigatory evidence in the case, there was a video surveillance tape showing defendants and the victim riding the elevator in the victim's apartment building on the night in question and later showing the defendants in the elevator and exiting to the building parking area. Appellant's counsel wanted to play the videotape to the jury but determined the tape could not be played on a conventional VCR and did not arrange for the proper equipment to be brought to court. Instead, the State proffered and both parties relied upon several still photographs taken from the videotape. Appellant contends his counsel was ineffective for failing to secure the proper video equipment such that the videotape could be played to the jury. He contends showing the surveillance tape to the jury

---

merging and/or being vacated as a matter of law. Additionally, appellant and McCloud were found guilty of aggravated assault, theft by taking, and financial transaction card theft and the trial court imposed sentences of twenty years, ten years, and three years, respectively, to be served consecutively to their life sentences. McCloud's convictions were affirmed by this Court in *McCloud v. State*, 284 Ga. 665 (670 SE2d 784) (2008). Appellant moved for an out-of-time appeal on November 20, 2003, and it was granted on January 15, 2004. Appellant moved for a new trial on January 16, 2004, and amended that motion three times, the last time being on February 29, 2008. The motion for new trial hearing was held on May 5, 2008. The trial court denied the motion on May 12, 2008. Appellant timely filed a notice of appeal on May 29, 2008, and the case was docketed in this Court on May 19, 2009. The instant appeal was orally argued on September 9, 2009.

[2] Appellant's co-defendant did not testify.

would corroborate his contention that a fourth person was on the elevator and in the victim's apartment on the night in question. Appellant argues this fourth person would have corroborated appellant's testimony that the victim was "aggressive" on the night in question.[3]

In order to prevail on a claim of ineffective assistance of counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). See also *Watkins v. State*, 285 Ga. 107 (3) (674 SE2d 275) (2009). When the trial counsel does not testify at the motion for new trial hearing, it is difficult to overcome the strong presumption that counsel's conduct was professional. *Davis v. State*, 280 Ga. 442 (2) (629 SE2d 238) (2006). Since appellant's trial counsel did not testify at the hearing as to why she opted not to play the tape to the jury, this Court cannot say whether her reasons were outside the broad range of professional conduct. Therefore, appellant cannot meet his burden of showing deficient performance and cannot sustain his claim of ineffective assistance of counsel. Id.

3. Appellant alleges the State failed to produce exculpatory evidence when it did not provide the apartment video surveillance tape until after the commencement of trial and when it did not print for publication to the jury still pictures of every frame of the apartment building video surveillance tape and/or failed to secure the proper video equipment to play the tape to the jury. Appellant argues this failure precluded him from substantiating his testimony that there was a fourth person who could corroborate that the victim was "aggressive." We find appellant's contentions to be without merit. In order to establish a material violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), the defendant must show, among other things, that the State possessed evidence favorable to defendant. *Burgeson v. State*, 267 Ga. 102 (2) (475 SE2d 580) (1996). Inasmuch as appellant admitted the fourth person was

---

[3] A police detective testified that there was a fourth person on the videotape and that the fourth person appeared to be a female who was riding the elevator and delivering newspapers; whereas, appellant testified the fourth person was a man who came to the victim's apartment, but left before the crime occurred.

not present in the apartment when and where the stabbing took place and appellant admitted he stabbed the victim and that the co-defendant cut the victim's neck, a videotape showing a fourth person in the apartment building elevator on the night in question cannot be considered exculpatory in nature. Therefore, the State's purported failure to provide the videotape prior to the commencement of trial did not constitute a failure to produce exculpatory evidence in violation of *Brady*, supra. Because *Brady* does not place any onus on the State to proffer exculpatory evidence to the jury, appellant's remaining contentions are without merit.

4. Appellant alleges the trial court erred when it failed to grant a mistrial due to appellant's character being brought into evidence. Specifically, appellant objected to being cross-examined by the State about his drug use, as well as the cross-examination of appellant's psychological expert about appellant's daily drug use. Since appellant admitted during his direct testimony that he used drugs on the night in question, the State's cross-examination concerning appellant's drug use on the night of the incident was properly admitted as part of the res gestae. *Garcia v. State*, 267 Ga. 257 (4) (477 SE2d 112) (1996); *Ramsey v. State*, 233 Ga. App. 810 (2) (505 SE2d 779) (1998).

As part of his defense, appellant proffered his psychological expert, who examined appellant and testified at trial in support of appellant's contention his actions were brought on by post-traumatic stress disorder triggered by childhood memories of his father stabbing his mother. The State cross-examined the psychological expert about what appellant disclosed about the frequency of his drug use. Pretermitting whether the trial court's allowance of this questioning was erroneous, we find any prejudice therefrom to be harmless in light of the overwhelming evidence of appellant's guilt. See *Fuller v. State*, 230 Ga. App. 219, 221 (2) (496 SE2d 303) (1998).

5. Appellant argues the trial court erred during voir dire when it allowed the State to ask a potential juror how he felt about Atlanta being ranked as one of the top five cities for "gay people." Appellant did not make an objection regarding this purported error and, therefore, it is not preserved for this Court's review. *Sanchez v. State*, 285 Ga. 749 (3) (684 SE2d 251) (2009).

6. Appellant alleges the trial court's charge on justification was erroneous because it allegedly contains improper commentary in violation of OCGA § 17-8-57. OCGA § 17-8-57 provides that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." At the beginning of the instruction, the trial court stated as follows: "The defendant Hall is *suggesting* a defense of justification, and if you find that the defendant's conduct was justified, this is a defense to the

prosecution for any crime based on that conduct." Appellant also complains about the following statement made by the trial court as part of its charge on self-defense: "*I think* the defense . . . Mr. Hall is claiming that the victim was committing an aggravated assault on him." Appellant contends the words "suggesting" and "I think" constituted improper commentary in violation of OCGA § 17-8-57. These statements neither intimated the trial court's opinion on what had or had not been proven nor intimated the trial court's opinion on appellant's guilt or innocence. Accordingly, there was no reversible error.

7. Appellant alleges the trial court erred when it failed to grant his motion to sever.

> It is incumbent upon the defendant who seeks a severance to show clearly that the defendant will be prejudiced by a joint trial, and in the absence of such a showing, the trial court's denial of a severance motion will not be disturbed. Factors to be considered by the trial court are: whether a joint trial will create confusion of evidence and law; whether there is a danger that evidence implicating one defendant will be considered against a co-defendant despite limiting instructions; and whether the defendants are asserting antagonistic defenses.

(Citations and punctuation omitted.) *Nelms v. State*, 285 Ga. 718, 720 (2) (a) (681 SE2d 141) (2009). Appellant argues his and his co-defendant's defenses were antagonistic because the co-defendant entered into evidence letters written by appellant in which appellant admitted to the crime and denied the co-defendant's role in the killing. Appellant also points to the testimony of the medical examiner in which he stated that the wound to the neck artery, which appellant alleges was committed by his co-defendant, was one of the more severe wounds suffered by the victim. However, inasmuch as appellant testified and admitted to his part in stabbing the victim and leaving him for dead and the medical examiner's testimony that the victim died from incised and stab wounds to the neck *and* torso, the defendants' defenses were not antagonistic and the jury was not confused as to the defendants' individual actions in causing the victim's death. Accordingly, the trial court did not err when it denied the motion to sever.

8. Appellant claims that the trial court should have merged the aggravated assault for which he was sentenced into his malice murder conviction. "The rule prohibiting more than one conviction if one crime is included in the other does not apply unless 'the same conduct' of the accused establishes the commission of multiple

crimes. [Cits.]" *Waits v. State*, 282 Ga. 1, 4 (2) (644 SE2d 127) (2007). Based on the allegations in the indictment, appellant's conduct does not establish the commission of both the aggravated assault[4] and the murder.[5] The aggravated assault was established by evidence that appellant and the co-defendant beat and strangled the victim, whereas the murder was established by evidence that they killed the victim by stabbing his body. Because the two crimes are not established by the same conduct, there is no merger. See *McCloud v. State*, 284 Ga. 665 (3) (670 SE2d 784) (2008); *Davis v. State*, 281 Ga. 871, 873 (2) (644 SE2d 113) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010.

*Cynthia A. Price*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Stephany J. Luttrell, Bettieanne C. Hart*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Mary K. Ware*, Assistant Attorney General, for appellee.

---

[4] The indictment alleged the defendants committed an aggravated assault by "beating [the victim] about the head and neck, and by suffocating [the victim]. . . ."

[5] The indictment alleged the defendants caused the death of the victim "by stabbing [the victim] . . . with an object unknown. . . ."