S10A1301. ALLEN v. THE STATE.
(702 SE2d 869)

HUNSTEIN, Chief Justice.

Kareem Allen was convicted of the murder of Shamar Edwards and the aggravated assaults of Donald Jumper, Amber McAdory, Patrick Edwards and Quintisha Page. He appeals from the denial of his motion for new trial,[1] challenging the trial court's denial of his motion to sever his trial from that of his co-defendants, the denial of his special demurrer, various other rulings and the failure to give certain jury instructions. Finding no reversible error, we affirm.

1. Construed in the light most favorable to the verdict, the evidence adduced at trial established that appellant and his co-defendants, Thomas, Lamar and Brown, came uninvited to a large

---

[1] The crimes occurred on July 25, 2004. Allen was indicted December 14, 2004 with Raymond Brown, Adrian Lamar and James Thomas in Fulton County. Allen was charged with murder, felony murder, seven counts of aggravated assault, possession of a firearm during the commission of a felony, carrying a pistol without a license, carrying a concealed weapon, two counts of influencing a witness and two counts of terroristic threats. A misdemeanor charge of possession of marijuana was nol prossed. Allen was tried with his co-defendants. At the close of the State's case, the trial court granted Allen's motion for a directed verdict of acquittal as to one aggravated assault count and the two influencing witness counts. On October 2, 2006, the jury acquitted Allen of the two terroristic threat counts, the three firearm counts and one aggravated assault count and found him guilty of murder, felony murder, and five counts of aggravated assault. He was sentenced January 31, 2007 to life imprisonment for malice murder, five years for the Count 4 aggravated assault to run consecutive to the life sentence and three five-year sentences for the Counts 7, 8 and 9 aggravated assaults to run concurrent with Count 4 and consecutive to the life sentence. The remaining counts were merged or vacated. Allen's motion for new trial, filed February 6, 2007 and amended December 9, 2008, was denied in an order filed December 21, 2009. A notice of appeal was filed January 8, 2010. The appeal was docketed for the April 2010 term in this Court and was orally argued July 5, 2010.

teen party hosted by Ramona Barnes at her home on Baywood Drive, which was located two houses north of the home of appellant's mother. Appellant was seen at the party holding a handgun. After a disagreement arose between appellant and some of Barnes's invited guests, appellant and his co-defendants were asked to leave. Before they left appellant was overheard making threatening statements, including that he would "shoot this whole [obscenity] party up." Shortly thereafter, as the remaining guests were beginning to leave, multiple shots were fired in the direction of the unarmed victims who were in the front yard of Barnes's home. Shamar Edwards was shot in his leg; then, as he tried to run away, he was shot a second time in the back, fatally wounding him. Based on the location of the spent shell casings, the shots were fired from the street in front of appellant's mother's home where appellant and his co-defendants were standing, armed with one and possibly two guns; appellant was seen there at the time of the shootings by witnesses who either knew him already or identified him subsequently. After the shootings appellant went into his mother's house but shortly thereafter re-emerged wearing different clothing. Witnesses at the scene identified appellant as being involved in the shooting to police officers; after his arrest, appellant threatened to kill several witnesses.

Appellant introduced the testimony of six witnesses[2] who said that appellant was not standing with his co-defendants but was instead arguing with his mother in her front yard when a co-defendant in the street in front of appellant's mother's home fired the shots at the victims.

"It is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient. [Cit.]" *Brooks v. State*, 281 Ga. 514, 516 (1) (640 SE2d 280) (2007). The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of murder and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). His conduct before, during and after the crimes supported the finding that he was a party thereto, notwithstanding the jury's acquittal of appellant on the three weapons charges. OCGA § 16-2-21 ("[a]ny party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto").

---

[2] The witnesses were neighbors Michael Jones, Dwayne Reid, Carolyn Sutton, her son James Quincy Sutton and her son-in-law Taurus Jackson, as well as her brother Glen Sutton, who was visiting that evening.

2. Appellant contends the trial court erred by denying his motion to sever his trial from that of his co-defendants. "The question of whether to grant a severance in a joint trial for a capital crime in which the death penalty is not sought is within the discretion of the trial court." (Footnote omitted.) *Green v. State*, 274 Ga. 686, 687 (2) (558 SE2d 707) (2002). See also OCGA § 17-8-4 (a). Appellant "had the burden to make a clear showing that a joint trial was prejudicial and resulted in a denial of due process. [Cit.]" *Hanifa v. State*, 269 Ga. 797, 805 (4) (505 SE2d 731) (1998). In determining whether to grant a motion to sever, a trial court should consider three factors: whether a joint trial will create confusion of evidence and law; whether, despite limiting instructions, there is a danger that evidence implicating one defendant will be improperly considered against another defendant; and whether the defendants are asserting antagonistic defenses. *Hall v. State*, 286 Ga. 358 (7) (687 SE2d 819) (2010). As to the first factor, our review of the record reveals no evidence of any confusion and the verdict itself, including appellant's acquittal on six of the thirteen charges, the total exoneration of one co-defendant and the acquittal of the remaining co-defendants on certain charges, demonstrates that the jury fully understood the law and the evidence. See *Hanifa v. State*, supra. As to the second factor, in light of the trial court's limiting instructions, there was no danger the jury improperly considered against appellant certain testimony regarding a threat made by a co-defendant to a witness, which was uttered days after appellant was arrested, and, for the reasons set forth in Division 4, infra, there was no improper consideration by the jury of the statements made by his co-defendant Brown.

Appellant focuses primarily on the third factor, arguing that there were antagonistic defenses that required severance and that he showed the requisite resulting prejudice, pointing to the trial court's exclusion of the statement co-defendant Lamar made to police.[3] See *Green v. State*, supra, 274 Ga. at 688 (2) (antagonistic defenses do not automatically require severance unless there is a showing of resulting prejudice). See also Division 6, infra. Appellant claims this statement constituted critical exculpatory evidence the exclusion of which violated his due process rights.[4] However, even assuming,

---

[3] Appellant cites only to the pages in the record containing the interviewing officer's "brief synopsis" of the interview with Lamar, which references that the interview with Lamar was videotaped and that a "full transcript" of the interview would be available at a later date. The appellate record contains neither the videotape nor the full transcript referenced in the synopsis.

[4] Although appellant cites repeatedly to *Zafiro v. United States*, 506 U. S. 534, 538 (113 SC 933, 122 LE2d 317) (1993), that case addressed only whether Rule 14 of the Federal Rules of Criminal Procedure requires severance as a matter of law when co-defendants present "mutually antagonistic defenses."

arguendo, that antagonistic defenses existed, appellant's contentions regarding the critical exculpatory substance of Lamar's statement are not borne out by the record. Our review of the statement reveals Lamar said nothing that contradicts the witnesses at the party regarding the threats they heard appellant make and, other than noting appellant was with the co-defendants as they walked away from the party, Lamar makes no mention of appellant whatsoever until the arrival of appellant's mother, thereby remaining silent as to whether appellant actively promoted the shooting. See *United States v. Williams*, 45 F3d 1481, 1484 (I) (10th Cir. 1995) (evidence is not exculpatory where one co-defendant in statement to law enforcement fails to mention other co-defendant in the absence of a specific question; such failure to mention "proves nothing"). Lamar's statements about appellant "arguing and fighting" with appellant's mother duplicated testimony by defense witnesses[5]; likewise, Lamar's statement identifying which co-defendant was the triggerman merely duplicated testimony by State witnesses. Accordingly, because appellant "has not shown any prejudice to his case which might have been avoided by severing the trial [cit.]," *Isaac v. State*, 269 Ga. 875, 879 (7) (505 SE2d 480) (1998), we find no abuse of discretion in the trial court's denial of appellant's motion for severance.

3. Appellant's indictment was legally sufficient and was not subject to a special demurrer for the reasons set forth in *Metz v. State*, 284 Ga. 614 (3) (669 SE2d 121) (2008).

4. Appellant contends the trial court erred by admitting incriminating statements co-defendant Brown made to witnesses Neal and Fagin.[6] Pretermitting whether a proper objection was made to Neal's testimony,[7] we find no error. Brown's statements were made during the pendency of the conspiracy and were admissible against appellant under the co-conspirator exception to the hearsay rule. See *Waldrip v. State*, 267 Ga. 739 (10) (c) (482 SE2d 299) (1997); OCGA § 24-3-5. Although appellant was arrested the night of the crimes, he had made no confession to police identifying the other conspirators so as to end the conspiracy. See *Arevalo v. State*, 275 Ga. 392 (5) (567 SE2d 303) (2002) (so long as the conspiracy to conceal the identity of the perpetrators of the offense continues, the parties

---

[5] Contrary to appellant's assertion, Lamar's statement in this regard was no more detailed than the testimony given by some of those defense witnesses.

[6] Neal testified that, several days after the shootings, co-defendant Brown told him over a basketball game that "[y]ou all going to make us do you the way we did the [victim] on Baywood." Fagin testified that Brown, while at Fagin's home, "said they had murdered somebody on Baywood."

[7] In his brief appellant cites only to his counsel's motion for a mistrial made when the prosecution mentioned this anticipated testimony during opening statement.

to such conspiracy are to be considered so much a unit that the declarations of either are admissible against the other).[8] The admission of Brown's statements to laywitnesses during the concealment phase of the conspiracy did not violate the Confrontation Clause because his statements were not testimonial. See *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), which overruled *Dutton v. Evans*, 400 U. S. 74 (91 SC 210, 27 LE2d 213) (1970).

5. Appellant contends the trial court erred by limiting his cross-examination of the lead detective regarding the Atlanta Police Department's investigation of the detective for underreporting crimes in violation of Georgia law. The original trial judge reviewed the detective's file in camera and then issued his findings, see generally *Dempsey v. State*, 279 Ga. 546 (3) (615 SE2d 522) (2005), that the file revealed only that the detective followed illegal orders and was reprimanded for doing so, but was not implicated in the giving of those orders and was not punished for any wrongdoing or indicted on any charges. Based on these findings, the trial court prohibited appellant from cross-examining the detective regarding the matter.

Trial courts are granted wide latitude insofar as the Confrontation Clause is concerned "to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant." *State v. Vogleson*, 275 Ga. 637, 639 (1) (571 SE2d 752) (2002). See also *Delaware v. Van Arsdall*, 475 U. S. 673, 679 (106 SC 1431, 89 LE2d 674) (1986). But see *Manley v. State*, 287 Ga. 338 (2) (698 SE2d 301) (2010) (trial court erred by limiting cross-examination on parole eligibility of State witness). We find no abuse of the trial court's discretion in limiting appellant's cross-examination of this witness.

6. Appellant contends the trial court erred by refusing to admit a version of the statement made to police by co-defendant Lamar redacted to remove Lamar's identification of the triggerman among the co-defendants. However, the statement also reflected that Lamar made no admission against his own interest but instead contained Lamar's self-serving pre-trial declaration of innocence, in that he claimed that he tried unsuccessfully to calm down the triggerman

---

[8] Contrary to appellant's contention, our review of Brown's statement to police, which was made before he talked with Neal and Fagin, establishes that it did not end the conspiracy as it contained no confession and did not identify any co-defendant as participating in the crimes. Rather, Brown admitted only that he and appellant were at the party; he expressly denied seeing anyone with a gun; and he claimed that he, appellant and appellant's mother were standing together when the shots were fired.

and walked away before the shots were fired. See *Parker v. State*, 276 Ga. 598 (2) (581 SE2d 7) (2003) (self-serving pre-trial declarations of innocence are inadmissible hearsay unless declarant testifies and is subject to cross-examination).[9] However, even if its exclusion was error, the information in Lamar's statement pertaining to appellant was cumulative of evidence adduced through other witnesses, see Division 2, supra, and, in light of the overwhelming evidence of appellant's guilt as a party to the charged crimes, see Division 1, supra, we find it highly probable that the exclusion of Lamar's statement did not affect the verdict. See generally *Nix v. State*, 280 Ga. 141 (4), (5) (625 SE2d 746) (2006).

7. Appellant contends the trial court erred by failing to give requested charges on voluntary manslaughter, mere presence and party to the crime. "A defendant is not entitled to a voluntary manslaughter charge where he has not demonstrated that he acted solely out of passion in response to a provocation that would have caused a reasonable person to act as he did. [Cit.]" *Rose v. State*, 287 Ga. 238, 241 (3) (695 SE2d 261) (2010). The evidence established that Shamar Edwards was not intoxicated and that his behavior was not belligerent or provocative in any manner; moreover, it is uncontroverted that he was shot from a considerable distance as he was peacefully leaving the party. Because there was not even slight evidence of the passion or provocation needed to authorize a charge on voluntary manslaughter, the trial court did not err by refusing to give appellant's requested charge. See id. As to the remaining requested charges, our review of the jury instructions given by the trial court reveals that the trial court substantially covered all of the relevant legal principles relating to mere presence, mere association and parties to a crime. The trial court did not err by refusing to give the requested charges. See generally *Walker v. State*, 282 Ga. 406 (2) (651 SE2d 12) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2010.

*Sutherland, Judith A. O'Brien, Sarah E. Scott, Tracey K. Ledbetter, Douglas B. Ammar, for appellant.*

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General, for appellee.*

---

[9] Lamar did not testify at trial.

*Clark D. Cunningham*, amicus curiae.