## S10A1644. BRINSON v. THE STATE.

### (704 SE2d 756)

NAHMIAS, Justice.

Nevarro Brinson and Temyarance Johnson, who were both Marine Corps reservists, were jointly tried for malice murder, conspiracy to commit murder, felony murder, and possession of a firearm during the commission of a felony stemming from the shooting death of Demarcus Waddell. Brinson and Johnson were convicted on all counts, and both were sentenced to life in prison for malice murder and to five consecutive years for the firearm offense, with the other convictions vacated or merged.[1] We have already affirmed Johnson's convictions. See *Johnson v. State*, 287 Ga. 767 (700 SE2d 346) (2010). On appeal, Brinson contends, among other things, that the trial court erred in denying his motion for new trial based on newly discovered evidence. Finding no merit to this contention or to the other issues Brinson raises, we affirm.

1. Viewed in the light most favorable to the verdict, the evidence, which is set forth in detail in *Johnson*, 287 Ga. at 767-768, authorized a rational trier of fact to find beyond a reasonable doubt that Brinson and Johnson conspired to kill Waddell because he had once dated and remained close friends with Johnson's girlfriend and that Brinson shot and killed Waddell in front of the pizza store where Waddell worked. The evidence therefore is sufficient to support the verdict. See *Jackson v. Virginia*, 443 U. S. 307, 318-319 (99 SC 2781, 61 LE2d 560) (1979).

2. Brinson contends that the trial court erred in denying his motion to sever his trial from Johnson's. We disagree.

> In a murder case where the death penalty is not sought, the trial court has broad discretion to grant or deny a motion for severance. In ruling on a severance motion, the trial court should consider: (1) the likelihood of confusion of the evidence and law; (2) the possibility that evidence against one defendant may be considered against the other defendant; and (3) the presence or absence of antagonistic defenses. It is not enough for the defendant to show that he or she would have a better chance of acquittal at a separate trial or that the evidence against a co-defendant is stronger.

---

[1] The crimes occurred on November 27, 2005, and Brinson and Johnson were indicted on September 27, 2006. The jury found Brinson and Johnson guilty on November 15, 2006. The trial court sentenced the co-defendants that same day. Brinson filed a motion for new trial on December 6, 2006, and amended the motion on January 17, 2007. The trial court denied the motion on December 28, 2009, and Brinson filed a timely notice of appeal. The appeal was docketed for the September 2010 term of this Court and submitted for decision on the briefs.

> Rather, the defendant must show clearly that a joint trial will prejudice his or her defense, resulting in a denial of due process.

*Krause v. State*, 286 Ga. 745, 749 (691 SE2d 211) (2010) (citations omitted).

Brinson does not contend that there was a likelihood of confusion about the evidence and the law, and we conclude that he has failed to demonstrate that evidence admissible only against Johnson was considered against him. Brinson specifies as an example of such evidence Charlene Cole's testimony that Johnson told her that Brinson had the murder weapon in his possession on the weekend that the victim was murdered. This testimony, however, would have been admissible against Brinson in a separate trial, as Johnson's statements to Cole were non-testimonial statements of a co-conspirator made during the concealment phase of the conspiracy. See OCGA § 24-3-5; *Allen v. State*, 288 Ga. 263, 267 (702 SE2d 869) (2010) (noting that such statements raise no Confrontation Clause issue under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004)).

Finally, the fact that Brinson and Johnson had somewhat antagonistic defenses is insufficient to require severance unless there is a showing of resulting prejudice and consequent denial of due process. See *Krause*, 286 Ga. at 749-750. Brinson has failed to carry this burden because, among other things, if he and Johnson had been tried separately, Johnson still could have testified at Brinson's trial during the State's case or in rebuttal. See *Appling v. State*, 281 Ga. 590, 591 (642 SE2d 37) (2007) (holding that the defendant failed to show harm from the fact that his co-defendant testified to an antagonistic defense, because at a separate trial the co-defendant could have offered the same testimony).

For these reasons, the trial court did not abuse its discretion in denying the motion to sever. See also *Johnson*, 287 Ga. at 770 (rejecting severance claim raised by co-defendant Johnson).

3. Brinson contends that the trial court erred in denying his motion for new trial based on newly discovered evidence. We disagree. At trial, Brinson testified that on the night of the crimes, he was with his girlfriend at his apartment; that he left about 8:00 p.m. to pick up dinner for her at a restaurant on South Slappey Boulevard in Albany, Georgia; that he was gone about 30 to 40 minutes; and that he did not leave the barracks after he returned. Brinson's girlfriend testified to the same sequence of events as Brinson. At the motion for new trial hearing, Brinson introduced a receipt from the restaurant on South Slappey Boulevard for a purchase at 8:33 p.m.

on November 27, which was discovered by his family among his belongings after the trial.

To obtain a new trial based on newly discovered evidence, a defendant must show, among other things, that the new evidence is "so material that it would probably produce a different verdict" and "is not cumulative." *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980). Brinson failed to satisfy either of those requirements. Because the shooting occurred around 10:30 p.m., the fact that Brinson was at a restaurant around 8:30 p.m. and returned to his apartment before 9:00 p.m. does not, as the trial court found, "impact whether he may have left again and traveled to the scene of the shooting" in time to commit the crimes. The evidence therefore is not so material that it would probably produce a different result. Moreover, the evidence is cumulative of Brinson's and his girlfriend's testimony at trial. Thus, the trial court did not abuse its discretion in denying the motion. See *Hester v. State*, 282 Ga. 239, 241 (647 SE2d 60) (2007) (reviewing the trial court's ruling on a motion for new trial based on newly discovered evidence only for abuse of discretion).

4. Finally, Brinson contends that the trial court erred by permitting the prosecutor to improperly comment on his right to remain silent. Brinson, however, failed to object at trial and is therefore barred from raising the issue on appeal. See *Wilkerson v. State*, 286 Ga. 201, 207 (686 SE2d 648) (2009). In any event, the prosecutor simply cross-examined Brinson about the discrepancy between his failure to offer his alibi during his statement to the police and his alibi testimony at trial and then highlighted the discrepancy in closing argument. That was not an improper comment on Brinson's right to remain silent. See *Stringer v. State*, 285 Ga. 842, 845-846 (684 SE2d 590) (2009).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2011.

*Joseph D. Weathers*, for appellant.

*Gregory W. Edwards, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.