## S11A0766. WILLIAMS v. THE STATE.
### (715 SE2d 76)

HUNSTEIN, Chief Justice.

Kelvin Williams was convicted of the malice murders of Brian Kyle Stringer and Myron Long, Jr., and other crimes. He appeals from the denial of his motion for new trial.[1] Finding no error, we affirm.

1. The jury was authorized to find that victim Stringer was given $22,500 by his father to purchase a kilogram of cocaine. That amount of cocaine was usually sold in a "brick" form wrapped in plastic and bound with duct tape. Stringer contacted co-defendant Quanthony Williams to arrange the purchase. Within minutes of Stringer's call, Quanthony contacted appellant. Appellant and his co-defendants, however, did not have a kilogram of cocaine to sell. They devised a plan to obtain the money by selling the victims a brick containing a fake substance that would look like cocaine. Rather than research the issue himself, appellant contacted witness Robert Jones on Friday, August 22, for information on how to make such a fake brick. Jones, who was preparing to leave town for the weekend, told appellant about two legal substances that could be used to make a fake brick but did not tell appellant what he needed to do with the substances or how to package it. Jones then left town and did not return until the following Monday.

On Sunday, August 24, co-defendant Robinson gave money to witness John Jackson to use Jackson's home on Martin Street for a few hours. Shortly after Jackson left the home with witness Holt, they encountered the victims who asked for directions to the residence. Jackson told them where to go and alerted them that "somebody [was] up there waiting." Afterwards Jackson and Holt heard gunshots and saw a man run from the back of the house and get into a car out front. When they returned home, Jackson saw the victims' bodies but could not enter because Robinson still had the key. Jackson later identified Robinson to the police.

---

[1] The crimes occurred on August 24, 2003. Appellant was indicted July 23, 2004 in Fulton County together with Kenneth Partee, Quinton Robinson and Quanthony Williams. Appellant was charged with two counts of malice murder, four counts of felony murder (predicated upon the aggravated assault and the armed robbery of each of the two victims), two counts of aggravated assault, two counts of armed robbery and possession of a firearm during the commission of a felony. At the conclusion of his trial on May 21, 2008 the jury acquitted him of the possession charge and convicted him on the remaining charges. On May 27, 2008 the trial court granted appellant a directed verdict as to one count of armed robbery and the felony murder charge predicated thereon. It sentenced him to two terms of life imprisonment for the malice murders to be served consecutively and one concurrent term of 20 years for the other armed robbery. The remaining charges were merged or vacated by operation of law. His motion for new trial, filed June 4, 2008 and amended March 13, 2009, was denied October 13, 2010. A notice of appeal was filed November 2, 2010. The appeal was docketed for the April 2011 term in this Court and was orally argued June 16, 2011.

Expert testimony established that victim Stringer died from a gunshot wound to the back of the head and that victim Long died from a gunshot wound to his front left shoulder. No drugs or weapons were found in the residence, and the victims' hands tested negative for gunshot residue.

A few weeks later, Jones was arrested for selling drugs and provided police with information about the crimes. This information included not only appellant's pre-crime inquiry about making fake cocaine but also appellant's post-crime admission to Jones on Tuesday, August 26, that "we messed up, we did that" in regard to setting up the sale of the fake cocaine and the shooting of the victims after they realized the brick did not contain real cocaine. Jones also testified that, after his own release, appellant confronted Jones about talking to the police and that appellant asserted co-defendant Robinson was the shooter.

Appellant contends that the evidence was not sufficient under the rule that "[in] felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient." OCGA § 24-4-8. Specifically, appellant asserts that the only evidence supporting his convictions was the uncorroborated testimony of witness Jones, whom appellant asserts was an accomplice or unindicted co-conspirator. However, we do not agree with appellant that Jones may be considered an accomplice to murder and the other crimes for which appellant was tried. The evidence showed only that Jones was a drug dealer whom appellant contacted for information regarding possible ingredients to be used in the making of a fake brick of cocaine. While Jones gleaned from his conversation with appellant that appellant was contemplating making a fake brick with the idea of selling it to persons unknown to Jones under the guise that the brick contained real cocaine, there was no evidence that Jones advised, encouraged or counseled appellant to commit any crime, see OCGA § 16-2-20 (b) (4), or that Jones intended to participate in any crime. See *Jackson v. State*, 278 Ga. 235, 236 (1) (599 SE2d 129) (2004) ("'[p]roof that [one] shares a *common criminal intent* with the actual perpetrator is necessary" to render one a party to the crime (emphasis supplied)); Jack Goger, *Daniel's Georgia Handbook on Criminal Evidence*, § 6.33 (2010) ("[t]he proof necessary to establish that [one's] actions were those of an accomplice . . . must be of such a character so as to demonstrate a *common criminal intention* . . . with the actual perpetrator[ ]" (emphasis supplied)).

The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that his trial counsel rendered

ineffective assistance by failing to object on hearsay grounds to the admission of Jones's statements to police. In order to establish ineffective assistance of counsel, appellant has the burden to show that counsel's performance was professionally deficient and that but for such deficient performance there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Wesley v. State*, 286 Ga. 355 (3) (689 SE2d 280) (2010). Appellant failed to carry his burden. As appellant acknowledges, a witness's prior consistent statement may be admitted where the veracity of the witness's trial testimony has been placed in issue at trial; the witness is present at trial; and the witness is available for cross-examination. *Woodard v. State*, 269 Ga. 317 (2) (496 SE2d 896) (1998). The transcript reveals that appellant on cross-examination repeatedly challenged Jones's veracity. Although appellant contends that Jones's statements were not admissible as prior consistent statements because the statements were made after Jones's arrest in Fulton County, such that there was no affirmative charge of recent fabrication, improper influence or improper motive, see id. at 320 (2), the transcript establishes that appellant's attack on Jones's veracity was based on the motivation provided Jones by the potential life sentence he faces for his more recent and still-pending case in Clayton County. Accordingly, because the trial court did not err by allowing the State to introduce Jones's prior consistent statements, appellant's trial counsel did not perform deficiently by failing to make a meritless objection to the admission of this evidence. See *Wesley v. State*, supra, 286 Ga. at 356 (3) (a) (failure to make a meritless objection cannot be evidence of ineffective assistance).

3. Having rejected appellant's arguments that Jones was a co-conspirator, see Division 1, supra, we find no error in the trial court's admission of Jones's testimony regarding statements made to him by co-defendant Robinson during the concealment phase of the conspiracy. See *Allen v. State*, 288 Ga. 263 (4) (702 SE2d 869) (2010) (statements made by co-defendant during concealment phase of conspiracy are admissible against defendant under the co-conspirator exception to the hearsay rule). Appellant's claim that Jones's testimony violated his rights under the Confrontation Clause is likewise without merit. See id. (statements by co-defendants to laywitnesses during concealment phase of conspiracy are not testimonial and thus their admission does not violate Confrontation Clause).

*Judgment affirmed. All the Justices concur.*

Decided September 12, 2011.

*Jennifer S. Hanson, Bruce S. Harvey, K. Julie Hojnacki, Mark A. Yuracheck*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Elizabeth A. Baker, Paige R. Whitaker, Marc A. Mallon*, Assistant District Attorneys, *Samuel S. Olens*, Attorney General, *Mary Beth Westmoreland*, Deputy Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Mary K. Ware*, Assistant Attorney General, for appellee.