S12A1403. YOUNG v. THE STATE.
(732 SE2d 269)

BENHAM, Justice.

Appellant Christopher Young was tried and convicted with his co-defendant, Patrick Satterfield, for the 2008 felony murder and armed robbery of Richard Boynton, Sr., the burglary of the Boynton home, and possession of a firearm during the commission of a crime.

Young, who also was convicted of misdemeanor possession of marijuana, appeals the judgment entered on the convictions.[1]

1. The State presented evidence that the 78-year-old victim was shot inside his Muscogee County home on December 5, 2008, and died as a result of a single gunshot wound to the chest. Entry to the home had been gained by breaking a bedroom window. Several of the victim's grandsons who occasionally lived with him testified that the glass doors of a gun cabinet had been shattered and the contents (two handguns and several old rifles and shotguns) removed, and a shoebox containing $7,000 that one grandson had stored in a closet had been emptied. Dominic Tinch, who admitted driving appellant and Satterfield to and from the crime scene, testified against his cohorts in exchange for immunity from prosecution of the charges surrounding the death of Mr. Boynton.

Tinch testified that Satterfield had contacted him about stealing money from a house and, during the evening the victim was killed, Tinch met Satterfield and Young. Using Tinch's car, the trio drove to within a block of the victim's house. After appellant and Satterfield exited Tinch's vehicle, Tinch drove around the corner and parked in front of an empty house; he was instructed via a phone call from Satterfield to approach the victim's house and ascertain if anyone was home by ringing the doorbell and knocking on the door. Tinch did as instructed and called Satterfield to report that no one was at home. Shortly thereafter, Tinch, now driving his vehicle, picked up Satterfield, who reported that someone had been in the house. Tinch and Satterfield then met appellant, who was carrying three rifles and a handgun, near the side of the victim's home. Tinch testified that appellant stated he "shot him" as appellant entered Tinch's car. A neighbor of the victim testified that Satterfield told him the day after

---

[1] The crimes took place on December 5, 2008. On February 1, 2010, the Muscogee County grand jury returned a true bill of indictment against appellant and Satterfield, charging them with malice murder, felony murder with burglary as the predicate felony, burglary, armed robbery, and possession of a firearm during the commission of a crime. Appellant Young was also charged with possession of a firearm by a first offender and misdemeanor possession of marijuana. Appellant and Satterfield were tried together in a trial that commenced on September 27, 2010 and concluded on September 30, 2010, with the jury's return of guilty verdicts against appellant on all charges, except two. He was acquitted of the malice murder charge and the first-offender possession charge against appellant was nol prossed. Appellant's sentences of life imprisonment for felony murder, 20-year concurrent sentences for burglary and for armed robbery, a 12-month concurrent sentence for the misdemeanor marijuana possession, and a five-year sentence, to be served consecutively, for possession of a firearm during the commission of a crime, were filed on September 30, 2010. Appellant's motion for new trial, timely filed on October 25, 2010, and amended May 5, 2011, was the subject of a hearing and was denied on November 1, 2011. A notice of appeal was filed timely on November 28, 2011, and the appeal was docketed in this Court to the September 2012 term of court. It was submitted for decision on the briefs.

the shooting that appellant had shot the victim after Satterfield and appellant had entered the victim's home through a window.

The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of felony murder, with burglary as the underlying felony, burglary, armed robbery, possession of a firearm during the commission of a crime, and misdemeanor possession of marijuana.[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, because the burglary conviction served as the predicate felony for the felony murder conviction, it was error to sentence appellant for both felony murder and burglary. OCGA § 16-1-7. *Sapp v. State*, 290 Ga. 247 (1) (719 SE2d 434) (2011). Accordingly, we must vacate the separate judgment of conviction and sentence for burglary. Id.

2. Appellant contends on appeal that the State did not present sufficient corroboration of Tinch's testimony connecting appellant to the crimes to authorize appellant's conviction. OCGA § 24-4-8 provides that in "felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient [to establish a fact]. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness. . . ." "Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." (Citation and punctuation omitted.) *Baines v. State*, 276 Ga. 117 (1) (575 SE2d 495) (2003). The necessary corroboration must be independent of the accomplice's testimony, must directly connect the defendant with the crimes or lead to the inference of the defendant's guilt, and must do more than merely cast a grave suspicion of guilt on the defendant. Id. In the case at bar, the testimony of the victim's neighbor that Satterfield told him the day after the crimes were committed that appellant had participated in the burglary of the victim's home and had shot the victim is admissible under the co-conspirator exception to the rule against the admission of hearsay (OCGA § 24-3-5) and is the necessary slight evidence that constitutes sufficient corroboration of accomplice Tinch's testimony that appellant was a participant in the crimes.

3. Appellant contends his constitutional right to confront witnesses was violated when the trial court denied his motion in limine to redact from the testimony of the victim's neighbor all references to appellant. As stated earlier, the neighbor's testimony recounted a statement made to the witness by appellant's co-defendant the day

---

[2] During the trial, the parties stipulated that appellant possessed a small amount of marijuana at the time he was arrested.

after the crimes were committed, identifying appellant as a participant in the crimes and as the one who shot the victim. Co-defendant Satterfield did not testify at his and appellant's joint trial. OCGA § 24-3-5 provides that "[a]fter the fact of conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all."[3] The co-defendant's statement to the victim's neighbor was made during the concealment phase of the conspiracy and was admissible against appellant under the co-conspirator exception to the hearsay rule. *Allen v. State*, 288 Ga. 263 (4) (702 SE2d 869) (2010). The admission of the co-defendant's statement to the neighbor did not violate the Confrontation Clause because, as the Supreme Court stated in *Crawford v. Washington*, 541 U. S. 36, 56 (124 SC 1354, 158 LE2d 177) (2004), statements admissible pursuant to the hearsay exception permitting the use of statements made in furtherance of a conspiracy are not "testimonial." The admission of the neighbor's testimony repeating what co-defendant Satterfield told him during the concealment phase of the conspiracy about appellant's participation in the crimes did not violate appellant's right to confront the witnesses against him. *Allen v. State*, supra, 288 Ga. 263 (4).

4. Lastly, appellant maintains the trial court abused its discretion when it allowed the State to re-open its case and present the testimony of two witnesses after the State had rested and appellant and his co-defendant had sought a directed verdict of acquittal. The morning after the State had rested its case, the assistant district attorney informed the trial court that two men who had been listed as witnesses, whose videotaped statements had been made available to appellant and his co-defendant, and who had outstanding warrants for their arrest, had been taken into custody overnight. The trial court heard testimony from two of the detectives working on the Boynton murder case about their efforts to locate the missing witnesses before and during the trial. The trial court allowed the testimony of the newly-found witnesses after finding that the State had made reasonable efforts to locate the witnesses and that their testimony was not a surprise to either defendant.

"Whether to reopen the evidence falls within the sound discretion of the trial court and the exercise of that discretion will not be disturbed on appeal absent an abuse of discretion." *Danenberg v. State*, 291 Ga. 439 (5) (729 SE2d 315) (2012). A trial court's decision to permit a party to offer additional evidence after the party has rested "is very unlikely to constitute an abuse of discretion, as the

---

[3] There is no contention that a conspiracy was not proven.

appellate courts are guided by OCGA § 24-1-2, which provides that 'the object of all legal investigation is the discovery of truth.'" *Taylor v. State*, 282 Ga. 502 (3) (651 SE2d 715) (2007), quoting Paul S. Milich, Georgia Rules of Evidence § 13.4, p. 228 (2d ed. 2002). See also *Peeples v. State*, 234 Ga. App. 454 (5) (507 SE2d 197) (1998) (trial court did not abuse its discretion in allowing the State to re-open its case after a motion for directed verdict of acquittal had been made). The trial court did not abuse its discretion in allowing the State to present the testimony of the two witnesses.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED OCTOBER 1, 2012.

*Phillips & Sellers, Michael S. Phillips*, for appellant.

*Julia Fessenden Slater, District Attorney, David R. Helmick, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine R. Thrower, Assistant Attorney General*, for appellee.